**Paulo ARRUDA, Plaintiff,**

v.

**Lewis M. BERMAN, et al., Defendants.**

**Civ. A. No. 80–2124–C.**

United States District Court,
D. Massachusetts.

Sept. 28, 1981.

Paulo Arruda, pro se and Merriann Panarella, Boston, Mass., for plaintiff.

John W. Bishop, Michael C. Donahue, Sp. Asst. Attys. Gen., Boston, Mass., Joanha Connolly, Roslindale, Mass., Sharidan, Garrahan & Lander, Framingham, Mass., for defendants Paula, Hume, Corriera, Fahey, Bialach, Ayala, Madeiros and Spallino.

Lee Carl Bromberg, Bromberg, Sunstein & McGregor, Boston, Mass., for defendants Daniel Thompson, Thomas DaSilva and Anthony Silva.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil rights action brought under 42 U.S.C. § 1983 by an inmate at the Massachusetts Correctional Institution at Walpole (MCI-Walpole). The complaint names twenty-five defendants ranging from corrections officers at MCI-Walpole to the commissioner of the Massachusetts Department of Corrections. Included as defendants are several unnamed corrections officers and the "Block–10 Committee," which the plaintiff alleges is composed of correctional officers, union members and others responsible for promulgating rules and regulations for the daily operation of Cell Block 10.

The plaintiff alleges in his complaint that his Fourth Amendment right to be free of unreasonable governmental searches has been and continues to be violated through the administration of a prison policy which compels him to submit to repeated visual searches of his rectal body-cavity. He further alleges that the beatings which often accompany these forced searches constitute "cruel and unusual punishment" in violation of the Eighth Amendment. In his complaint the plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages from the defendants.

The matter is before the Court on three motions to dismiss the petitioner's complaint for failure to state a claim upon which relief can be granted. One motion was filed on behalf of the commissioner and the former commissioner of the Department of Corrections, the commissioner's management consultant, the superintendent and

deputy superintendent of MCI-Walpole, and the assistant deputy superintendent of Cell Block 10 at MCI-Walpole. These respondents assert that the visual rectal searches to which the petitioner objects are clearly within constitutional bounds. Alternatively, they assert that the complaint fails to allege facts sufficient to state a cause of action under 42 U.S.C. § 1983. A similar motion to dismiss was filed on behalf of Francis Fahey, one of the MCI-Walpole supervisors named as a defendant in the complaint.

A third motion to dismiss was filed on behalf of the Block 10 Committee, in which it is asserted that the committee has no legal existence or capacity on which it may be sued. In the alternative, the Block 10 Committee has moved pursuant to F.R. Civ.P. 56 for summary judgment on the grounds that no actual issue of fact exists with respect to it, since the committee lacked the authority and ability to implement policy in Cell Block 10, and thus could not be responsible for the action complained of by the plaintiff.

As indicated, the first issue raised by these motions is whether the body cavity searches to which the plaintiff has been subjected deprive the plaintiff of constitutional rights and thus constitute a cause of action under 42 U.S.C. § 1983.

The defendants in their supporting memorandum rely on *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), for the proposition that such searches are "clearly constitutional," and thus do not give rise to § 1983 liability. The holding of *Bell*, however, is narrower than the defendants assert. The Supreme Court in that case was presented with the question of "whether visual body-cavity inspections as contemplated by the [prison] rules can *ever* be conducted on less than probable cause." 441 U.S. at 560, 99 S.Ct. at 1885 (emphasis in the original). The Court, after "[b]alancing the significant and legitimate security interests of the institution against the privacy interests of the inmates," *id.*, concluded that such searches can in some instances be administered without depriving the pris-

oner-subject of his or her constitutional right to be free of unreasonable searches. The Court noted, however, that such searches must be conducted in a reasonable manner. *Id.* The Court said: "We do not underestimate the degree to which these searches may invade the personal privacy of inmates. Nor do we doubt ... that on occasion a security guard may conduct the search in an abusive fashion.... Such abuse cannot be condoned." *Id.* (citation omitted).

The plaintiff alleges in his complaint that he was and is subjected to body cavity searches before and after visits to the prison law library and the prison hospital, before entering isolation, and after every visit with counsel even though he is under the surveillance of at least one correctional officer during each of these visits. The plaintiff further claims that beatings often accompany these searches, and that the correctional officers who administer the searches "frequently make insulting, abusive, humiliating and intimidating comments" and jokes during the course of the searches. While *Bell v. Wolfish* clearly allows the administration of reasonable body-cavity searches, the plaintiff's allegations, if proven, may be found to be the type of unreasonable body cavity searches which the Supreme Court ruled in *Bell* are forbidden by the Fourth Amendment. For this reason, I rule that the plaintiff's complaint alleges facts sufficient to state a cause of action under § 1983.

 A second issue raised by the motion of the commissioner and his subordinates is whether as a matter of law these defendants are immune from liability. These defendants are all supervisory personnel, none of whom is alleged to have actually been present during any of the searches or beatings of which the plaintiff complains. These defendants claim that the plaintiff has based his theory of the defendants' liability on the defendants' mere ability to control the correctional officers who have administered the body-cavity searches. Such a theory would not be a sufficient ground upon which to find liabili-

ty against these defendants, for it is well-settled law that there is no vicarious liability under the civil rights act and that *respondeat superior* may not be utilized to establish the liability of supervisory personnel. See *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Monell v. N.Y.C. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court ruled in *Rizzo* that defendants in § 1983 actions must be "causally linked," 423 U.S. at 375, 96 S.Ct. at 606, by their "affirmative" actions, *id.* at 377, 96 S.Ct. at 607, to the constitutional deprivations complained of in order for personal liability to be established.

The plaintiff, however, claims not to base the defendants' § 1983 liability on the theory of *respondeat superior.* Rather, he cites as the cause of his constitutional deprivations the defendants' failure to execute properly their supervisory responsibilities under state law. There is ample precedent for this theory in this Circuit. In *DiMarzo v. Cahill*, 575 F.2d 15 (1st Cir. 1978), *cert. denied, Hall v. DiMarzo*, 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978), the Court of Appeals upheld the district court's decision in a § 1983 action by plaintiffs who were incarcerated in a state prison under conditions which the district court ruled violated the plaintiffs' constitutional rights. The state commissioner of corrections appealed the district court order requiring him to remedy the unconstitutional conditions. The commissioner argued that because he was not personally involved in the constitutional deprivation, he could not be held liable under § 1983. The Court of Appeals affirmed the district court by ruling that the commissioner's responsibilities under Massachusetts law for promulgating and enforcing minimum standards, rules, and regulations for the safety, care, and custody of prisoners constituted the causal link required by *Rizzo.* 575 F.2d at 17. The court rejected the commissioner's argument that his failure to promulgate regulations which would insure the existence of constitutional conditions at the prison did not expose him to § 1983 liability. The court ruled instead that in light of his stat-

utory responsibility, the commissioner's acts or failure to act exposed him to liability. *Id.* at 17–18. See also *Inmates of Suffolk County Jail v. Einsenstadt,* 494 F.2d 1196 (1st Cir. 1974), *cert. denied, Hall v. Inmates of Suffolk County Jail,* 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 189 (1974).

The plaintiff in this action asserts that in light of the aforementioned responsibilities of the commissioners and superintendents under state law, all or some of the supervisory defendants in this case may be responsible for the promulgation and enforcement of the policy of "random and routine" visual rectal searches of which the plaintiff complains, and thus are proper defendants in this action. The plaintiff has alleged that all of these defendants knew of or should have known of this procedure. I therefore rule that in light of the statutory responsibilities of these defendants, these allegations are sufficient to state a cause of action.

Discovery may establish that the alleged searches and beatings of the plaintiff have taken place not at all, in violation of departmental regulation, without these defendants' knowledge, or in a manner in which they could not have come to the attention of these defendants during the satisfactory execution of their statutory responsibilities. *See McKinnon v. Patterson,* 568 F.2d 930 (2nd Cir. 1978), *cert. denied* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). On the other hand, discovery may reveal that such activity is an entrenched and sanctioned procedure in the Department of Correction's operational scheme, for which these defendants may in some manner be found responsible. *See Duchesne v. Sugarman,* 566 F.2d 817 (2nd Cir. 1977). In any event, the immunity of these defendants to the plaintiff's cause of action has not yet been proven.

This Court is finally confronted by the motion to dismiss, or in the alternative, for summary judgment, brought by the Department of Corrections on behalf of the Block 10 Committee. This defendant argues that the committee lacks the legal capacity to sue or be sued, and that, in the alternative, this committee plays only an advisory role with regard to prison policy and procedure, and has no authority to implement any of its own recommendations. The plaintiff has responded that further time is needed to discover the legal status and membership of the committee. In light of·the fact that the plaintiff has made no factual allegations against the Block 10 Committee and has requested no damages or other relief from it, I rule that the defendant's motion be granted, and order that the complaint against the Block 10 Committee be dismissed.

Order accordingly.