Carmelo BATISTA MALAVE, Plaintiff,

v.

The COMMONWEALTH OF PUERTO RICO; its Secretary of Treasury Juan Agosto; former Secretary Carmen A. Culpeper; Lottery Director of the Commonwealth of Puerto Rico John Doe, and former Director Victor Rodriguez La Santa, Defendants.

Civ. No. 85–1085 (JAF).

United States District Court,
D. Puerto Rico.

March 3, 1986.

Nicolas Delgado-Figueroa, Santurce, P.R., for plaintiff.

Vannessa Ramirez, Dept. of Justice, San Juan, P.R., for defendants, Juan Agosto Alicea, Rafael Tirado and Sec. of Treasury of the Com.

## MEMORANDUM ORDER

FUSTE, District Judge.

This case involves a claim under 42 U.S.C. § 1983 for dismissal from employment based on alleged political discrimination. Defendants Juan Agosto-Alicea and Rafael Tirado-Ubides have presented a motion to dismiss alleging that the claim is barred by a one-year statute of limitations, 31 L.P.R.A. § 5298(2). The motion to dismiss is considered as a request for summary judgment as provided by Fed.R.Civ.P. 12(b) and 56. The same is hereby GRANTED.

Carmelo Batista was an Executive Officer IV within the Career Service System of the Commonwealth of Puerto Rico, assigned to the Treasury Department (Puerto Rico Lottery), where he began rendering services by 1978. On August 15, 1982, he was dismissed by the same political nominating authority that employed him on the following charges:

1. In accordance with the evidence given, you have showed a disrespectful, hostile and defying behavior towards your co-workers. In spite of the fact

that you were warned to change this attitude, you have not yet done so.

2. On date February 16th of 1982, you threatened, assaulted and challenged a co-worker with a physical encounter in which he sustained several injuries.[1]

After his dismissal, he filed an appeal to the "Board of Appeals of the Personnel System" of the Commonwealth of Puerto Rico. A hearing officer was appointed. A report and recommendation issued. The hearing officer determined that Carmelo Batista was not qualified for public service. Said recommendation was adopted by the Board of Appeals. Batista sought review of this decision before the Superior Court of Puerto Rico as permitted by P.R.Law. Ann. Tit. 20 § 52 (Supp.1984). The administrative decision remained in effect and the court case was dismissed. Batista then filed a writ of certiorari before the Supreme Court of Puerto Rico. The same was denied. The ruling became final on July 19, 1984.

Not pleased by the result, Carmelo Batista initiated the captioned suit on May 21, 1984 suing the Commonwealth of Puerto Rico, its former Secretary of the Treasury, Carmen Ana Culpeper, its present Secretary of the Treasury, Juan Agosto-Alicea, the present Lottery Director of the Commonwealth of Puerto Rico, and the former Director, Victor Rodriguez-La Santa.[2] It is alleged that all defendants acted under color of state law to violate Batista's rights to due process and equal protection. Article 11, section 7 of the Constitution of the Commonwealth of Puerto Rico and the fourteenth amendment to the Constitution of the United States. Plaintiff now alleges that because he refused his supervisor's requests to engage in partisan politics by collecting monies and recruiting people for political activities, he had been willfully and maliciously transferred to another division of the Treasury Department, a division where "general misconduct, discipline problems and drunkenness (sic)" existed among employees (*see* Complaint at p. 2). He claims this was a preliminary step to his dismissal.

■ As stated before, to this date plaintiff has only served summons on Secretary of Treasury Juan Agosto-Alicea and Rafael Tirado-Ubides, present Director of the Lottery Division in the Treasury Department. Said codefendants have requested the dismissal of the suit against them based on the allegation that the one-year statute of limitations had expired. 31 L.P.R.A. § 5298(2).

■ Carmelo Batista's cause of action definitely accrued when he was dismissed from his job in August, 1982. To determine the moment at which the cause of action arises under 42 U.S.C. § 1983, we look at federal law, *United Klans of America v. McGovern*, 621 F.2d 152 (5th Cir.1980); *Kaiser v. Cahn*, 510 F.2d 282 (2nd Cir.1974), but to determine the applicable period of limitation and whether it has been tolled or not, we look to the law of Puerto Rico. *Fernández v. Chardón*, 648 F.2d 765 (1st Cir.1981), *e.g., Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). In this case, more than one year elapsed from the date plaintiff was dismissed to the date of the filing of this complaint.

■ Plaintiff invites us to decide that the time-for-suit provision has not ran since—as he alleges—this case is a conspiracy where "the period of limitation for damages does not begin to run until the last overt act of conspiracy occurred." *Citing White v. Bloom*, 621 F.2d 276 (8th Cir.1980). We are not moved by plaintiff's argument. The conspiracy argument

---

1. On the date of the fight, plaintiff's immediate supervisor held a meeting to discuss the circumstances which caused the same. In said meeting were present Carmelo Batista and José A. Rivera, a janitor who was the other part of the scuffle.

2. The caption of the complaint has not been amended to include as a proper party the former Director of the Lottery Department of Puerto Rico nor have summons been properly served on Carmen Ana Culpeper and Victor Rodríguez-Santa. More than 120 days have elapsed; the case is dismissed against said codefendants. Fed.R.Civ.P. 4(j).

makes no sense. The defendants and alleged conspirators who actually dismissed plaintiff were substituted in their employments around 1984, when Juan Agosto-Alicea and Rafael Tirado-Ubides were designated. Plaintiff alleges no concerted acts of all these defendants. The allegation of conspiracy is a *de novo* allegation before the federal court. Plaintiff filed his appeal before the Board of Appeals and followed his case up to the Supreme Court, without ever arguing or pleading that a political conspiracy was plotted against him. Furthermore, we are faced with a novel case of political discrimination/conspiracy; discrimination by members of his own political party.

It is well known that the complaint under a civil rights cause of action must contain specific factual allegations in support of plaintiff's right to recovery. *Wise v. Bravo*, 666 F.2d 1328 (10th Cir.1981); *Arruda v. Berman*, 522 F.Supp. 766 (D.C.Mass. 1981). We find no allegation in this record of any affirmative violative action on the part of Juan Agosto-Alicea and Rafael Tirado-Ubides as public officials substituting those who fired plaintiff. We do not find the basis for the conspiracy allegation since the Complaint does not contain such cause of action.

Plaintiff's last argument is that the proceedings—administrative and judicial—followed through in Puerto Rico, tolled the statute of limitations. In a case previously decided by this court, it was held that the institution of other proceedings *does not* toll Puerto Rico's statute of limitations, *Edwards v. Sotomayor*, 557 F.Supp. 209 (D.P.R.1980), simply because in this type of civil rights action exhaustion of state remedies is not required. *Petti v. Gingerich*, 427 F.Supp. 282 (D.Md.1977).

By virtue of the foregoing, plaintiff's Complaint under 42 U.S.C. § 1983 is time-barred. Summary judgment dismissing the Complaint shall be entered accordingly.

IT IS SO ORDERED.