PILAR SÁNCHEZ, demandante, apelada y apelante; *v.* COOPE-
RATIVA AZUCARERA "LOS CAÑOS", demandada, apelante y
apelada.

Núm. 9244.—*Sometido:* Abril 5, 1946. *Resuelto:* Junio 24, 1946.

*Félix Ochoteco, Jr.,* y *Luis E. Dubón,* abogados de la apelante y apelada; *Eduardo Pérez Casalduc,* abogado de la apelada y apelante.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demandante es dueña de una finca rústica dedicada a la siembra de caña de azúcar. El día 1ro. de mayo de 1943 una locomotora de la demandada, mientras arrastraba 25 vagones cargados de caña de la demandante para ser molida en la factoría de la demandada, dejó escapar de la chimenea una chispa que incendió una plantación de 37.47 cuerdas de caña de la finca de la demandante. Esta reclamó extrajudicialmente el pago de $4,144.32 por concepto de los daños y perjuicios sufridos con motivo del incendio. La demandada autorizó entonces a su administrador Héctor González para que discutiese la reclamación con Vitaliano García, representante de la demandante y a la vez administrador de la finca, con la condición de que el acuerdo a que llegasen sería sometido a la consideración de la Junta de Directores de la demandada, la cual se reservaba el derecho de aceptarlo o rechazarlo. Se reunieron los representantes y acordaron que los daños reclamados montaban a la cantidad de $2,625. Sometido el acuerdo a la demandada, ésta lo rechazó y ofreció una suma menor que no fué aceptada por la demandante, radicándose entonces el presente pleito. La causa de acción alegada en la demanda original solicitaba una sentencia condenando a la demandada al cumplimiento del convenio celebrado entre las partes, convenio que, como hemos visto, no obligó a la demandada. Posteriormente se enmendó la de-

manda. Interpretándola liberalmente puede concluirse que la acción establecida en la demanda enmendada es por daños y perjuicios, pero la cantidad por la cual se pidió sentencia fué la misma reclamada en la demanda original, es decir, $2,625.

La corte de distrito dictó sentencia a favor de la demandante por la cantidad de $2,190, más las costas y $150 por concepto de honorarios de abogado. En su opinión la corte inferior hizo constar que el importe de la sentencia comprendía las siguientes partidas de daños: (1) merma producida por el incendio en el rendimiento de la caña; (2) disminución de la bonificación concedida por la A.A.A.; y (3) exceso en el pago de los jornales por el corte de la caña quemada. Notificada de la sentencia, la demandada presentó una moción para que la corte ampliase esas conclusiones de hecho, especificando qué parte de la sentencia corresponde a cada una de las tres partidas de daños antes mencionados y que expresase, además, la cantidad de caña que sirvió de base a sus cálculos. La demandante a su vez solicitó que se enmendase la sentencia, elevando su importe a la cantidad de $2,625 reclamada en la demanda. La corte no alteró el importe de la sentencia y dividió la cantidad de $2,190 en las siguientes partidas: merma en la producción, $1,400; pérdida en la bonificación de la A.A.A., $560; y exceso en el pago del jornal con motivo del incendio, $230. Consignó además, que aceptó la cantidad de 27,838.60 como el número de quintales de caña quemada.

Apelaron las dos partes. La demandada señaló cinco errores. Siguiendo el orden lógico discutiremos, en primer término, el que se refiere a la prescripción de la acción, ya que de existir éste, sería innecesario considerar los cuatro restantes.

▆▆ Arguye la demandada que como el art. 8 del Código Civil prescribe que cuando en las leyes se habla de meses se entenderá que éstos son de treinta días y como nada

dispone para cuando se habla de años, teniendo el año doce meses, deberá entenderse que consta de 360 días. Concluye entonces la demandada que habiendo ocurrido el incendio el 1ro. de mayo de 1943, al radicarse la demanda original el 28 de abril de 1944 ya habían transcurrido 362 días desde que se causó el daño y consecuentemente la acción estaba prescrita.

La cuestión no es nueva en este Tribunal. Fué resuelta adversamente a la contención de la demandada en el caso de *Ortiz* v. *Am. Railroad Co.*, 62 D.P.R. 181, 185, resolviéndose allí que el año, a los efectos de la prescripción, debe entenderse que consta de 365 días. No habiendo transcurrido 365 días desde que la demandante tuvo conocimiento del daño el 1ro. de mayo de 1943 hasta el 28 de abril de 1944 en que se radicó la demanda original, la acción no estaba prescrita. Pero la demandada, para el caso de no prosperar su contención de que el año de prescripción consta de 360 días, arguye ahora que como la acción expuesta en la demanda original fué sobre cumplimiento de contrato de transacción y la que alegó en la demanda enmendada que radicó el 6 de junio de 1944 es por daños y perjuicios, la demanda enmendada expuso una causa de acción distinta de la que se alegó en la demanda original y consecuentemente el pleito empezó el 6 de junio de 1944 cuando ya estaba prescrita la acción a pesar de que se resuelva que el año de prescripción consta de 365 días.

Concedemos que en la demanda enmendada se alegó una causa de acción distinta de la expuesta en la demanda original. Aunque tanto en la demanda original como en la enmendada se tituló la acción como "indemnización por Daños y Perjuicios", no hay duda alguna que aunque bajo el mismo nombre se alegaron dos causas de acción distintas. La alegada en la demanda enmendada era por Daños y Perjuicios por negligencia, mientras que la demanda original expuso una causa de acción predicada en el contrato de transacción.

Bajo las disposiciones del Código de Enjuiciamiento Civil, los efectos de la demanda enmendada bajo las circunstancias del presente caso, no se retrotraían a la fecha de la demanda original. Pero bajo las Reglas de Enjuiciamiento Civil vigentes cuando se inició este pleito, la regla es diferente. A este efecto prescribe la Regla 15(c):

"*Efecto Retroactivo de las Enmiendas.*— Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto o que se hubiere intentado exponer en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

Bajo la Regla transcrita el criterio para determinar si una alegación enmendada se retrotrae o no a la fecha de la alegación original, no es el de si la alegación enmendada expone una causa de acción distinta de la que aparecía en la alegación original. El criterio aplicable es si la alegación enmendada surge de la conducta, transacción o evento que se expuso o intentó exponer en la alegación original, no importando que la reclamación contenida en la alegación enmendada se haga bajo una teoría de derecho distinta de aquella bajo la cual se hizo la reclamación en la demanda original. Moore *Federal Practice,* Vol. 1, sección 15.08, pág. 810.; *Commentary, Relation Back of Amendments to Pleadings After Statute of Limitations Has Run,* 2 *Fed. Rules Serv.* 15 c. 1.

En el presente caso surge de la demanda original y de la enmendada que la conducta, evento o transacción que sirvió de base a las acciones alegadas en una y otra demanda, fué el incendio en la plantación de caña de la demandante causado por una chispa de fuego escapada de la chimenea de la locomotora de la demandada. En tales circunstancias, los efectos de la demanda enmendada se retrotraen a la fecha de la demanda original y como ésta se radicó dentro del año de prescripción, preciso es concluir que la acción no estaba prescrita al radicarse la demanda enmendada.

■ Otro error señalado por la demandada consiste en haberse fijado en la cantidad de $1,400 la pérdida por concepto de merma en el rendimiento de los 27,838.60 quintales de caña. La prueba de la demandante sobre ese extremo fué al efecto de que la pérdida ascendió a $1,285, sin exponer los factores que tomó en cuenta para determinar esa cantidad. La de la demandada estimó la pérdida por ese concepto en $1,064. Pero, como hemos visto, la corte la valoró en $1,400, cantidad que excedía de la que resultó de la prueba de la demandante y de la demandada.

La conclusión de la corte es claramente contraria a la prueba y por lo tanto es errónea. La cantidad de $1,285 que según la prueba de la demandante es el valor de dicha partida, fué determinada arbitrariamente. Se fijó esa cantidad para que el total de la reclamación ascendiese a $2,625, suma a que, en su tentativa de transacción, el representante de la demandante y el de la demandada, redujeron la reclamación extrajudicial que ascendía a $4,144.32. Empero, la valoración de la demandada, computada por su perito, está basada sobre hechos ciertos. Partió de la base de que la caña quemada dió un peso de 27,838.60 quintales, hecho aceptado por ambas partes. Se tomó un factor que las dos partes aceptaron, o sea, que el promedio de azúcar que produce la caña en condiciones normales es igual al 10.30 por ciento de su peso. Se determinó así el azúcar que los 27,838.60 quintales de caña hubieran producido si no se hubieran quemado, o sea 2,867.38 quintales. Pero como la caña quemada realmente produjo 2,334.27 quintales de azúcar, la diferencia entre el azúcar que debió producirse de no haberse quemado la caña y lo que realmente produjo, fué de 533.11 quintales. De esos 533.11 quintales de azúcar hubiera correspondido a la demandante el 63 por ciento, o sea 335.86 quintales. Multiplicada esta cifra por $3.14 o sea el precio del azúcar en la quincena en que fué molida la caña, da un total de $1,054.60. A esto debemos agregar la cantidad de $10 por ajuste de los dos cen-

tavos finales, haciendo así un total de $1,064.60, la pérdida que por concepto de merma sufrió la demandante con motivo del incendio. Debe reducirse la partida de $1,400 que fijó la corte a $1,064.60.

■ Alega la demandada que erró la corte al condenarla a pagar $560 por concepto de disminución en la bonificación que concede la Ley del Congreso de los Estados Unidos titulada "Sugar Act of 1937", según ha sido enmendada.(¹) De conformidad con dicha Ley, la bonificación es de ochenta centavos por cada quintal de azúcar producido por el colono, siempre que su producción total no exceda de 350 toneladas de azúcar crudo. Como en el presente caso la pérdida total en la producción de azúcar fué de 533.11 quintales, una simple operación aritmética demostrará que la demandante dejó de percibir, por concepto de bonificación, la cantidad de $426.49. Existió, pues, este error y en su consecuencia debe reducirse la partida de $560 que por ese concepto fijó la corte a $426.49.

■ Otro de los errores señalados por la demandada es haberse concedido a la demandante la cantidad de $230 por concepto de exceso en los jornales que tuvo que pagar por el corte de la caña quemada.

El representante de la demandante, Vitaliano García, declaró que el exceso de jornales ascendió a $739.51. De la evidencia resulta que los cortadores de caña, en la fecha en que ocurrió el incendio, ganaban $1.80 por día y cuando la caña estaba quemada percibían $2.40 diarios, o sea 33 por ciento sobre el salario ordinario. De la prueba de la demandada resultó que este aumento en el jornal estaba compensado por el aumento en eficiencia del obrero al cortar la caña quemada, eficiencia que calculó en 33 por ciento. Esta contención de la demandada fué parcialmente corroborada por el mayordomo de la demandante, quien declaró que el aumento en la eficiencia del cortador de caña quemada podía

---

(¹)El pago de la bonificación se hacía por conducto de la A.A.A.

calcularse en un 25 por ciento. La corte no dió entero crédito a la declaración de Vitaliano García y redujo esta partida de daños a $230. Pero si examinamos la evidencia, tendremos que convenir con la demandada en que la corte no tuvo apoyo alguno en la prueba ni en las alegaciones para fijar esa suma o cualquier otra. Para poder fijar esa partida de daños si es que realmente existió, era indispensable conocer la cantidad que por concepto de jornales pagó la demandante por el corte de la caña quemada. Como de la evidencia no resulta ese dato, sin ese elemento de prueba cualquier cantidad que se conceda a la demandante por dicho concepto resultará arbitraria y especulativa. El mero hecho de que la demandante pueda haber sufrido pérdidas no da derecho a indemnización, pues para obtenerla, precisa suministrar a la corte los datos necesarios para poder estimar su importe. *Boria* v. *The Maryland Casualty Co.,* 60 D.P.R. 830. No habiendo la demandante probado esa partida de daños erró la corte al conceder por ese concepto la cantidad de $230.

 Por último se queja la demandada de que la corte la condenó al pago de las costas y $150 por concepto de honorarios de abogado.

Habiéndose dictado sentencia en contra de la demandada era imperativo en la corte inferior condenarla en costas. En lo que respecta a honorarios de abogados es discrecional en la corte sentenciadora el imponerlos, teniendo en cuenta el grado de temeridad, el de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la parte contraria. No encontramos en el presente caso motivo alguno para intervenir con la discreción del juez sentenciador en lo que a este pronunciamiento respecta.

Después de discutidos los errores señalados por la parte demandada, es innecesario considerar el señalado por la demandante, es decir que se aumente la sentencia a la cantidad de $2,625 reclamada por ella en su demanda. *La sen-*

*tencia de la corte inferior debe ser reducida, de acuerdo con las conclusiones a que hemos llegado en esta opinión al discutir los errores señalados por la demandada, a la cantidad total de $1,491.09, quedando subsistente la condena de costas y honorarios de abogado, y así modificada se confirma.*

