**Jaime RAMIREZ MORALES, father of José Luis Ramirez Vázquez, deceased, as successor of his cause of action and in his own behalf; Jose Antonio, Rene, and Cruz Maria Ramirez Vazquez, and Jose Jaime Ramirez Morales, in their own behalf, Plaintiffs,**

**v.**

**Isidoro ROSA VIERA, Badge No. P10275, individually and as a Police Officer of the Police of Puerto Rico; Desiderio Cartagena Ortiz and Jorge Luis Collazo, individually and as former Chiefs of the Police of Puerto Rico; Andres Garcia Arache, individually and as Chief of the Police of Puerto Rico, Defendants.**

**Civ. No. 85–1420 (JAF).**

United States District Court,
D. Puerto Rico.

April 2, 1986.

**492**

Francisco M. Dolz, Old San Juan, P.R., for plaintiffs.

Magali Arriví Cros, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

### ORDER

FUSTE, District Judge.

The defendants have filed a motion to dismiss alleging that the present suit is time barred by the one year Puerto Rico statute of limitations applicable to tort actions, 31 L.P.R.A. Secs. 5141, 5298. Plaintiffs have opposed. We treat the motion to dismiss as one for summary judgment. Fed.R.Civ.P. 12(b)(6) and 56.

The record, seen in the light most favorable to plaintiffs, shows that on Sunday, March 25, 1984, at about 12:58 A.M., José Luis Ramírez-Vázquez died of gunshot wounds fired by a Puerto Rico police officer. Plaintiffs concede that it was not until Monday, March 26, 1984, that they learned of the death of Ramírez-Vázquez. Pursuant to *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the present 42 U.S.C. Sec. 1983 cause of action is governed as to the time-for-suit provision by local statute.

Tort actions in Puerto Rico prescribe or become time barred after one year. Section 1802 of the Civil Code, 31 L.P.R.A. Sec. 5141. The year commences to run and shall be counted from the day on which the particular cause of action could have been instituted. Sections 1868 and 1869 of the Code, 31 L.P.R.A. Secs. 5298, 5299. The Spanish text of section 1869, 31 L.P.R.A. Sec. 5299, is quite clear and emphatic. Referring to the time for the commencement of the action, the Code states: "(s)e contará desde el día en que pudieran ejercitarse."

The commentators to the Spanish Commerce Code, in their review of the Spanish equivalent section 1969, are clear as to the fact that the first day of the one-year period is to be counted, inasmuch as the civil law theory is to the effect that once the cause of action ensues, those with a right to seek redress are in a position to proceed with their claim. The Roman Law doctrine of *actio nata* is of application, the maxim being, *actio nodum nata non praescribitur*. If the injury has occurred, the time-for-suit provision runs its course. Diez Picazo, *"La Prescripción en el Código Civil"*, pp. 81–88 (Editorial Bosch, Barcelona, 1964). Of course, the filing of the complaint tolls the statute. In this case, the complaint was filed July 8, 1985. Since more than one year elapsed from March 26, 1984 to July 8, 1985, plaintiffs need to prove that the statute of limitations was tolled.

Plaintiffs, faced with a *prima facie* case of prescription, allege that they tolled the statute of limitations by interrupting its course by extrajudicial claims. Section 1873 of the Civil Code, 31 L.P.R.A. Sec. 5303. The acts of interruption are extra-judicial claim letters sent to defendants requesting damages. The letters, although dated March 25, 1985, were postmarked March 27, 1985. Such letters were postmarked after the action was time barred. They do not have any tolling effect.

Plaintiffs must realize that in civil law a one-year term is composed of 365 days. *Sánchez v. Cooperativa Azucarera*, 66 D.P.R. 346 (1946). A simple mathematical computation shows that the 365–day year commenced to run on March 26, 1984. That first day counts towards prescription. The 365th day was March 25, 1985. The letters intended to toll the statute were not postmarked until the 27th of March. Therefore, the tolling effect never materialized and the action became time barred.

Plaintiffs cannot avail themselves of Rule 68 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico and/or of Fed.R.Civ.P. 6(A). Assuming that the first day, March 26, 1984, would not be counted, (the Civil Code interpretation is clearly to the contrary), then the action would have become time barred on March 26, 1985. Even so, plaintiffs' extrajudicial claim directed to toll the statute was one day late. The letters were postmarked March 27, 1985. The law does not allow us to exercise discretion and extend the term. Section 388 of Puerto Rico's Political Code, 1 L.P.R.A. Sec. 72, does not afford relief to plaintiffs. Said section, dealing with the regulation of official holidays, does not apply when we have a specific rule of computation contained in the Civil Code. In any event, the specific Civil Code rules prevail over the general Political Code dispositions. *See* section 12 of the Civil Code, 31 L.P. R.A. Sec. 12. *Córdova & Simonpietri v. Crown American,* 112 D.P.R. 797, 800 (1982).

Judgment shall be entered DISMISSING the complaint.

IT IS SO ORDERED.