**Maria DE LA CRUZ LACHAPEL, individually and as parent with patria potestas over her minor sons Rafael Herrera and Juan A. Ramos, Plaintiffs,**

v.

**Angel CHEVERE ORTIZ and Nidia Martinez Quiñones, individually and as police officers of the Commonwealth of Puerto Rico; Desiderio Cartagena and Jorge Collazo, individually and as Police Commissioners of the Commonwealth of Puerto Rico, Defendants.**

Civ. No. 84–2908 (JAF).

United States District Court,
D. Puerto Rico.

May 12, 1986.

Paul Ramos Morales, Hato Rey, P.R., for plaintiffs.

Esteban J. Núñez-Hoyo, Dept. of Justice, Federal Litigation Div., San Juan, P.R., for defendants.

**OPINION AND ORDER**

FUSTE, District Judge.

This is an action for wrongful death, declaratory, injunctive, and monetary relief, instituted by María de la Cruz LaCha-

---

pel (mother), *pro se* and on behalf of her minor sons Rafael Herrera and Juan A. Ramos (brothers) for the death of her son/brother Jesús M. Herrera LaChapel (decedent). Decedent was killed by a police officer of the Puerto Rico Police Department in the performance of his duties.

The named defendants are police officers Angel Chévere Ortiz and Nidia Martínez Quiñones, as well as former police superintendents Desiderio Cartagena and Jorge L. Collazo. Jurisdiction has been invoked pursuant to 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983.

The mother's cause of action is couched on a federal constitutional and statutory claim on her behalf. Her main contention is that her "right to parenthood", claimed as protected by the Constitution of the United States, has been infringed by the "summary execution" of her son. She is not suing as the representative of decedent's estate. *See Jaco v. Bloechle,* 739 F.2d 239 (6th Cir.1984). The brothers' cause of action seems to raise a pendent state claim for mental and moral suffering. (Count four of the complaint). Defendants have pleaded as defenses lack of subject matter jurisdiction, failure to adequately plead a 42 U.S.C. Sec. 1983 cause of action, claim preclusion by virtue of the operation of the statute of limitations, self-defense, and qualified immunity.

We now have before us defendants' motion for summary judgment filed on January 9, 1986, Fed.R.Civ.P. 56(c), as well as plaintiffs' opposition thereto of January 23, 1986. We have carefully considered the competing interests. We have also searched for material conflicts of fact. The Court now determines that summary judgment shall issue dismissing the mother's cause of action as being time-barred. We further hold that the brothers' cause of action suffers from a fatal jurisdictional deficiency. We dismiss said cause of action *sua sponte.*

## I.

■ Summary judgment is rendered if the material facts are undisputed and if defendants are entitled to judgment as a matter of law. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* Sec. 2725 at 75–112 (1983). This Court will examine the record in a light most favorable to the opposing party. *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The only ground we need address in the motion for summary judgment is whether this action is time-barred as to the mother, Mariá de la Cruz LaChapel.

Section 1983 claims are, properly-speaking, personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). We have held that the one-year Puerto Rico statute of limitations, Art. 1868 of the Civil Code, 31 L.P.R.A. Sec. 5298, is most analogous for determining the timeliness of section 1983 claims. *Morales v. Viera,* 632 F.Supp. 491, (JAF), (D.P.R. Apr. 3, 1986); *Malavé v. The Commonwealth of Puerto Rico,* 631 F.Supp. 936, (D.P.R.1986). In Puerto Rico, personal injury actions are time-barred if one year elapses from the date when the action could have been instituted. Arts. 1868, 1869, 31 L.P.R.A. Secs. 5298(2), 5299. One year consists of 365 days. *Sánchez v. Cooperativa Azucarera,* 66 D.P.R. 346, 349 (1946). Our holding in *Viera,* slip op. at 2, and Article 1869 of the Puerto Rico Civil Code, both establish that the first day of the limitations period must be counted. The complaint must be filed before the year expires.

We turn now to the undisputed facts. Decedent was killed by police gunfire on Tuesday, November 22, 1983, at approximately 3:30 A.M. The complaint in this case was filed on November 26, 1984. There is no controversy as to when the cause of action accrued. The mother, María de la Cruz LaChapel, knew or should have known of her son's death on November 22, 1983. This view is supported by plaintiff's written declaration: "... the facts of this case became known to me on November 22, 1983...." *See* Docket Document 32, Exh. II (filed Jan. 23, 1986). In those terms, the action is clearly time-barred.

Notwithstanding the above, it is claimed in this record that decedent could not be identified at the time of his death. On that basis, but in open contradiction with her affidavit, plaintiff contends that she knew of his death a day later, that is, on November 23, 1983. Even if we give plaintiff the benefit of the doubt and assume that the action could not have been instituted until November 23, 1983, plaintiff makes the fatal mistake of not counting the first day of the limitations period, *i.e.*, November 23. By simple mathematical computation, the 365th day from November 23, 1983 was November 21, 1984. We hold that this action brought on November 26, 1984 is barred by the one-year statute of limitations.[1]

## II.

█ While the mother's action became time-barred, that of the brothers did not. The statute of limitations as to the minors does not begin to run until they reach their legal age of 21 years, 32 L.P.R.A. Sec. 254 and Article 248 of the Civil Code, 31 L.P. R.A. Sec. 981. *See* 2 H. Brau, *Daños y Perjuicios Extracontractuales en Puerto Rico* Sec. 13.01 at 13–6 (1980). Since defendants do not contest the timeliness of the brothers' action, we turn to the thrust of the affirmative defense—whether the brothers have alleged a deprivation of constitutional rights compensable under section 1983. Being faced with a jurisdictional question, we have the power to address it *sua sponte*. Fed.R.Civ.P. 12(h)(3).

Section 1983 of Title 42 of the United States Code is a procedural vehicle to seek redress for violations of federal constitutional or statutory rights. C. Wright, *Law of Federal Courts*, Sec. 22A at 123 (1983). Plaintiff must prove a violation of the underlying right at stake. Here, the brothers

appear to raise only a claim under Puerto Rico tort law, Art. 1802 of the Civil Code, 31 L.P.R.A. Sec. 5141, for which they allege pendent jurisdiction. Count four of the complaint provides:

> María de la Cruz LaChapel is parent with patria potestas over minor plaintiffs Rafael Herrera nad (sic) Juan A. Ramos who suffered and are suffering intensive mental anguish because of the injuries and pain received by their brother in the shooting as it has been described above stated (sic), all that due to the fault and negligence of the defendants.

Plaintiffs' claims in this respect are defective. Mere allegations of lack of due care are insufficient to state a constitutional claim under section 1983. *Daniels v. Williams*, —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Williams v. The City of Boston*, 784 F.2d 430, (1st Cir.1986).

█ Again, for purposes of summary judgment, we draw all inferences in plaintiffs' favor. We read their complaint as alleging that defendants acted intentionally or with gross negligence in violation of the brothers' federal constitutional rights. Even so, the threshold question is whether the brothers have a constitutionally-protected liberty interest in their association, if any, with the decedent.[2] Without it, the brothers would lack a cognizable section 1983 claim. In *Bell v. City of Milwaukee*, 746 F.2d 1205, 1242–53 (7th Cir.1984), the Seventh Circuit held that descendents lacked such right. The court reasoned that section 1983 was not intended to protect sibling interests: "we are unwilling to attach constitutional significance to such [interests] outside the closely-guarded parent-child relationship." *Bell*, 746 F.2d at 1247. To the contrary is *Trujillo v. Bd. of Cty. Com'rs of Santa Fe Cty.*, 768 F.2d 1186 (10th Cir.1985). There, the court found

---

**1.** Plaintiff informed us that a civil complaint was filed in local court on November 23, 1984. It is unclear whether said filing is still pending. We note that the parties have failed to brief any potential *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), problem which may have resulted by these parallel proceedings. *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* Sec. 4254 at 569–77 (1978). In any event, the local court filing

could not have tolled the running of the statute of limitations. *Malavé*, slip op. at 5.

**2.** In *Quiñones v. Nettleship*, 773 F.2d 10 (1st Cir.1985), the mother and her husband brought a section 1983 action for the killing by fellow inmates of Arena Cortés. Because plaintiffs' capacity to sue was not raised below, the Court of Appeals declined to consider it. *Id.* at 14 n. 1.

that the siblings possessed a liberty interest. As a method of proof, the Tenth Circuit created a state of mind requirement: "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *Trujillo*, 768 F.2d at 1190.

We find the Tenth Circuit's state of mind requirement idealistic and unworkable. We adopt the Seventh Circuit's reasoning in *Bell*. We also decline to constitutionalize any remedies which the brother plaintiffs may have under Puerto Rico tort law.

### III.

By virtue of the foregoing, the claim brought by the mother of decedent under Title 42, United States Code, is DISMISSED. The same is time-barred. Summary judgment will issue on behalf of defendants and against Mariá de la Cruz LaChapel. The brothers action is hereby DISMISSED for failure to state a civil rights claim. This final determination is made *sua sponte*, since it goes to this Court's limited jurisdiction. Fed.R.Civ.P. 12(h)(3). Judgment shall be entered accordingly.

IT IS SO ORDERED.