**Albert CONDE, Plaintiff,**

v.

**Rafael BELTRÁN PEÑA,
et al., Defendants.**

**Civ. No. 91–1924(PG).**

United States District Court,
D. Puerto Rico.

June 23, 1992.

Félix A. Rodríguez Mejía, Edgar Rodríguez Méndez, Hato Rey, P.R., for plaintiff.

María del C. Betancourt, Federal Litigation Div. Dept. of Justice, Paul Vilaró, San Juan, P.R., Zuleika Llovet, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, Albert Conde, brings this action under 42 U.S.C. § 1983 for back pay, damages and injunctive relief alleging that he was dismissed from his employment with the Municipality of Juncos for political reasons, in violation of his rights under the First Amendment and under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

Co-defendant Rafael Beltrán Peña, Mayor of Juncos, his wife, Nancy Velázquez Algarín, and the conjugal partnership between them, filed a motion to dismiss raising issues of timeliness and failure to state a cognizable claim against Beltrán Peña's wife.

The Municipality of Juncos filed a motion to dismiss alleging that the action is time barred.

Plaintiff filed a "Reply and Opposition to Co–Defendant Municipality of Juncos, its Mayor and His Spouse['s] Motion to Dismiss and Memorandum of Law in Support Thereof."

Co-defendant Municipality of Juncos filed a reply to plaintiff's opposition to co-defendant's motion to dismiss. Defendants Beltrán Peña, his wife, and the conjugal partnership filed a motion to join the municipality's reply.

### Facts

After the general elections in 1988, the incumbent Mayor of Juncos, César Torres, a member of the New Progressive Party ("NPP") was replaced by co-defendant Bel-

trán Peña, a member of the Popular Democratic Party ("PDP").

Plaintiff, a career employee of the Municipality of Juncos, received a "dismissal of employment letter" from the Mayor, Beltrán Peña, on July 30, 1990. The letter stated that the dismissal became effective on July 31, 1990. He filed the complaint on July 30, 1991.

### Discussion

Both parties agree that the applicable state law statute of limitations in section 1983 actions is the one-year tort statute, 31 L.P.R.A. §§ 5141, 5298. Defendants argue that since plaintiff was informed of the dismissal on July 30, 1990, he had until July 29, 1991, to file the complaint. Conde did not file the same until July 30, 1991, thus, defendants claim he is barred by the statute of limitations. Plaintiff sustains that the action is not barred because the one-year period starts to count on July 31, 1990, the date his dismissal became effective, and not on July 30, 1990, when he received the dismissal letter. Plaintiff also alleges that the period of prescription was interrupted or tolled by his letter dated August 2, 1990, requesting an administrative review of his dismissal.

■ There are two key questions in this case, to wit: when does the cause of action accrue and when does the applicable statute of limitations begins to run. To answer the question we must first determine which law applies, federal or state law.

The First Circuit Court of Appeals has issued inconsistent opinions in relation to these key questions. These inconsistencies have led this Court astray.

On April 2, 1986, U.S. District Judge José A. Fusté issued an opinion on *Ramirez Morales v. Rosa Viera*, 632 F.Supp. 491 (D.P.R.1986), wherein applying sections 1868 and 1869 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5298, 5299, he held that the first day of the one-year period is to be counted towards prescription. The *Ramirez Morales* case was affirmed, 815 F.2d 2 (1st Cir.1987) (plaintiffs received notice of decedent's death on March 26, 1984, and statute of limitations expired on March 25, 1985). Following the *Ramirez Morales* case, on January 2, 1990, the undersigned held in a section 1983 case that the first day of the limitations period must be counted towards prescription. *See Olivo Ayala v. López Feliciano*, 729 F.Supp. 9 (D.P.R. 1990).

On January 8, 1990, the First Circuit issued an opinion stating that "[t]he accrual period for a Section 1983 action begins when the plaintiff knows or has reason to know of the injury which is the basis of the action." (citation omitted).[1] *Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 407 (1st Cir.1990). However, even though the Court concluded that plaintiffs were notified of their dismissal on June 18, 1987, they held that to have a timely cause of action, the plaintiffs had to file their claim by June 19, 1988.[2]

Following the *Ramirez Morales* opinion, the undersigned again held in a § 1983 case that the first day of the limitations period had to be counted. *See Alfredo Luciano v. Ortiz Alvarez*, Civil Case No. 90–1558 (Opinion and Order of June 12, 1991).

The *Ortiz Alvarez* case was reversed and remanded; *see* Slip Op. 91–1802 (1st Cir. November 15, 1991) [953 F.2d 632 (table)]. The Court stated:

> The parties agree, as do we, that under the controlling Puerto Rican case law, the one year prescriptive period expires

---

1. The same norm is applicable for tort actions in Puerto Rico. The accrual period commences to run from the time the aggrieved person had knowledge thereon. Article 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298(2). Article 1869 establishes that the time for the prescription of an action, when there is no legal provision to the contrary, must be computed from the day on which it could have been instituted, 31 L.P.R.A. § 5299. *See Zambrana Mal-*

*donado v. Estado Libre Asociado*, 92 J.T.S. 12 (Jan. 30, 1992).

2. The Court does not state what mathematical computation it used to arrive at June 19, 1988, for even if it began the count the day after the plaintiffs were notified, the date is wrong. It may be a typographical error or maybe the Court was not aware that February 1988 had 29 days.

on the anniversary of the accrual of the cause of action, not on the day before. The cases hold, contrary to the district court, that the first day does not count towards prescription. *See Escalera v. Andino,* 76 P.R.R. 251 (1954).

This opinion is inconsistent with the *Ramirez Morales* opinion.

After the *Ortiz Alvarez* order was issued, the Court was faced again with the issue of "whether the one-year prescriptive period for filing a section 1983 claim begins to run on the day when plaintiff knows or has reason to know of the injury which is the basis for the action, or whether it begins to run the day following the injury or plaintiff's knowledge of it." *Ayala del Valle v. Delgado Zayas,* Civil Case No. 91–1418 (Opinion and Order of April 1, 1992). Restrained by the First Circuit order of *Ortiz Alvarez,* and the unclear opinion of *Torres v. Superintendent of Police of Puerto Rico, supra,* we applied Puerto Rico law and started the computation of the one-year limitations period the day following plaintiff's injury or his knowledge of it.

We are once again faced with the same temporal issue. Upon a further research of the issue, we found the recent case of *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349 (1st Cir.1992). The First Circuit established that "[a]lthough the statute of limitations in section 1983 actions is determined by recourse to the law of the forum state, the date of accrual of such an action is determined in accordance with federal law. (Citations omitted)." The accrual period in a section 1983 case ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based. (Citations omitted). *Id.* at 353. The Court asked the key question of when did plaintiff know, or have reason to know that he had been deprived of his employment without a pretermination hearing. The Court answered:

In employment discrimination cases involving wrongful discharges, the statute of limitations begins to run when the plaintiff learns of the decision to termi-

nate his employment (even if the notice he receives is informal). (Citation omitted). It is the clarity of the notice received, not whether it is memorialized on official stationery or reduced to writing, that determines the accrual of causes of action premised upon wrongful deprivation of employment under section 1983. (Citations omitted). In other words, the accrual date for purposes of a section 1983 employment discrimination case is the date when the employee reliably knew he had lost his job, not the date when the employer dotted a particular 'i' or crossed a particular 't'.

*Id.*

■ As to the first key question, it cannot be seriously disputed that federal law governs the date of accrual and that the cause of action accrued when plaintiffs received the dismissal letter. *Torres v. Superintendent of Police of Puerto Rico, supra; Rivera–Muriente v. Agosto–Alicea, supra.*

Plaintiff's claims accrued on July 30, 1990, when he was notified of his dismissal, contrary to his contention that his claims accrued on July 31, 1990, the day his dismissal became effective.

■ The next question the Court has to answer is at which point does the limitations period begins to run. Is it the same day that the claim accrues or is it the next day?

The answer appears to be the same under the laws of Puerto Rico or under federal law. The question for decision in *Escalera v. Andino,* the case cited by the First Circuit in the order issued on the *Ortiz Alvarez* case, was "whether the action of filiation had prescribed because it was filed after the year provided by § 126 of the Civil Code of Puerto Rico." However, the principle applied in the *Escalera v. Andino* decision, to wit: that of excluding the first and including the last day as established by section 388 of the Political Code of Puerto Rico, 1 L.P.R.A. § 72, has been applied to the computation of time for the prescrip-

tion of tort actions.[3] *See, e.g., Ortiz v. Am. Railroad Co.,* 62 D.P.R. 181 (1943); *Cintrón v. Insular Etc. y Balbaño,* 58 D.P.R. 821 (1941).

Under federal law, "[i]n computing any period of time prescribed or allowed by ... any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed.R.Civ.P. 6(a). The only case we have found on point is a troublesome opinion of the U.S. Court of Appeals for the Second Circuit. The court in *Day v. Morgenthau,* 909 F.2d 75 (2nd Cir.1990), *on remand, Day v. Moscow,* 769 F.Supp. 472 (S.D.N.Y.1991), *aff'd,* 955 F.2d 807 (2nd Cir.1992), *petition on cert. filed* (U.S. May 26, 1992) (No. 91–1899), determined that plaintiff's section 1983 claims, which accrued on December 12, 1985, were subject to a three-year statute of limitations and that the first day of the three-year period was December 13, 1985, the day following the date the claims accrued pursuant to Fed.R.Civ.P. 6(a).

On a petition for rehearing, the court stated that although much of the prior opinion rested on well-settled law, the determination that the three-year period ended on December 13, 1988, involved a more muddled area of the law and one that has never been addressed directly by the court. The court concluded that Fed.R.Civ.P. 6(a) should have the same result as New York General Construction Law's section 20 and that the "New York provision has been interpreted to mean that '[w]hen the applicable limitations period is measured in years ... the anniversary date [of the date of accrual is] the last day for instituting an action.'" (Citation omitted). *Id.* at 79. Therefore, they held that plaintiff's complaint, which was not filed until December 13, 1988, one day after the third anniversary date of the date of accrual, was time barred.

In spite of this incompatible medley of decisions, this Court feels compelled to follow the First Circuit Court of Appeals' Order of November 15, 1991, in *Luciano v. Ortiz Alvarez*[4] and holds that Conde's complaint was timely filed on July 30, 1991. Conde's section 1983 claims accrued on July 30, 1990. Excluding the first day of the accrual of Conde's claims pursuant to either section 388 of the Political Code of Puerto Rico or Federal Rule of Civil Procedure 6(a), plaintiff had until July 30, 1991, to file the complaint. Therefore, Conde's claims are not time barred.[5]

IT IS SO ORDERED.

---

**3.** The appropriate statute of limitations for a section 1983 claim is Puerto Rico's one-year period governing tort actions. *Torres v. Superintendent of Police of Puerto Rico, supra.*

**4.** Being this a matter of critical importance and difference of opinions, even among the same circuit, the Court is willing to entertain certifi-

cation to the First Circuit upon the parties' request.

**5.** Since we hold that the complaint was not barred by the applicable statute of limitations, we do not need to consider the tolling issue.