ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| HERIBERTO REGUERO ACEVEDO, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS<br><br>Apelantes<br><br><br>v.<br><br><br>SARITZA VALLE PEÑA<br><br>Apelada | KLAN202500543 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2023CV00111<br><br>Salón: 601<br><br>Sobre: Daños, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 15 de agosto de 2025.

Comparece ante nos el señor Heriberto Reguero Acevedo (en adelante "apelante") para solicitar la revocación de una Sentencia emitida el 22 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante "TPI"). Mediante dicha Sentencia, el foro primario declaró *HA LUGAR* la demanda en daños y perjuicios presentada por la señora Saritza Valle Peña (en adelante "apelada"). Como resultado, condenó al apelante a satisfacer a la parte apelada la suma de $60,000.00 por concepto de daños físicos y materiales, además de imponerle la cuantía de $6,000.00 en concepto de honorarios de abogado.

---

[1] Mediante la Orden Administrativa DJ-2024-062C del 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

Por los fundamentos que exponemos a continuación, se **revoca parcialmente** la Sentencia apelada a los fines de celebrar una vista evidenciaría para la valoración de los daños materiales; así modificada, se **confirma**.

-I-

El 27 de enero de 2023, la Sra. Saritza Valle Peña ("apelada") presentó una *Demanda*[2] de daños e incumplimiento de contrato en contra del Sr. Heriberto Reguero Acevedo ("apelante"), su esposa Virna Acosta y la Sociedad Legal de Gananciales compuesta entre ambos, donde reclamó la indemnización por los daños físicos y materiales causados a su propiedad inmueble. Dicho inmueble se encontraba arrendado por el apelante, bajo un contrato de arrendamiento que establecía que, de realizarse mejoras a la propiedad, quedarían a beneficio de la parte arrendadora, aquí apelada, sin compensación alguna.

En lo pertinente, el apelante realizó un sinnúmero de mejoras a la propiedad inmueble objeto del arrendamiento y, en el momento en que la apelada llegó a la propiedad, encontró que el apelante había retirado la mayoría de las mejoras al inmueble, causando daños a la estructura física y al patio trasero.

Celebrado el juicio, el 22 de abril de 2025[3], el foro primario emitió una *Sentencia*[4] a favor de la apelada donde declaró **HA LUGAR** la demanda y le impuso a la parte apelante satisfacer la cantidad de $60,000.00 por los daños físicos y materiales a la propiedad inmueble de la apelada y $15,000.00 por los daños emocionales sufridos

---

[2] Véase Apéndice del recurso apelativo, págs. 18-27.
[3] Notificado a las partes el 28 de abril de 2025.
[4] Véase Apéndice del recurso apelativo, a las págs. 1-12.

por esta. Igualmente, el TPI hizo una determinación de temeridad contra la parte apelante y le impuso la cuantía de $6,000.00 en conceptos de Honorarios de Abogado, a favor de la parte apelada.

El foro de origen, para imponer las cuantías antes mencionadas, específicamente los daños emocionales, tomó en consideración el testimonio de la Dra. Maribel Pérez Ramos, psicóloga clínica, la cual testificó sobre los síntomas de depresión, ansiedad, tristeza profunda, frustración, problemas de sueños y problemas familiares de la apelada. En cuanto a la cuantía establecida por los daños materiales, el TPI lo valoró según el propio testimonio del apelante, quien estimó las mejoras invertidas y luego retiradas por este entre $60,000.00 a $90,000.00. En lo pertinente, la apelada anunció un perito para testificar sobre el costo de mejoras necesarias, pero el testigo no fue producido en juicio y tampoco estuvo disponible para el apelante entrevistarlo.[5]

Posteriormente, el 12 de mayo de 2025, el apelante presentó una *Moción de Reconsideración*[6] ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, sobre la sentencia emitida por este. En ella, alegó que el apelante retiró las mejoras hechas por este, que eran bienes muebles, luego de culminar el contrato de arrendamiento entre él y la apelada. Además, manifestó que la cuantía establecida por los daños físicos y materiales estaban sobrevalorados. Dicha Moción de Reconsideración fue declara NO HA LUGAR.

---

[5] Véase KLAN202500543, pág. 4.
[6] Véase Apéndice del recurso apelativo, a las págs. 13-17.

Inconforme, el apelante acudió antes nos, mediante *recurso de apelación*[7], e hizo los siguientes señalamientos de error:

> **PRIMERO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CALCULAR LA CUANTIA DE $60,000 POR LOS DAÑOS FISICOS Y MATERIALES A LA PROPIEDAD INMUEBLE, LA CUAL RESULTA EXCESIVAMENTE ALTA EN AUSENCIA DE EVDIDENCIA PERICIAL QUE SOSTUVIERA DICHA SUMA Y EL MONTO OTORGADO PARECE CARECER DE BASE RACIONAL.

> **SEGUNDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL HACER UNA DETERMINACIÓN DE TEMERIDAD CONTRA LA PARTE DEMANDADA, E IMPONERLE UNA CUANTÍA DE $6,000 EN CONCEPTO DE HONORARIOS DE ABOGADO A FAVOR DE LA PARTE DEMANDANTE.

Con la comparecencia de las partes, procedemos a resolver.

**-II-**

**Daños**

Nuestro ordenamiento jurídico dispone que las obligaciones nacen de la ley, los contratos y cuasicontratos, y de los actos y omisiones ilícitos en que intervenga culpa o negligencia.[8] En cuanto a las obligaciones nacidas por los actos u omisiones culposos o negligentes, el Código Civil de Puerto Rico establece que la persona que por culpa o negligencia cause daño a otra, viene obligada a repararlo.[9] Para reclamar daños bajo dicho artículo, el demandante debe establecer: (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión culposo o negligente.[10] Un daño se ha definido como "todo

---

[7] Véase KLAN202500543.
[8] Art. 1042 del Código Civil de Puerto Rico de 2020, Ley 55 de 1 de junio de 2020 (31 LPRA sec. 2992.
[9] Art. 1536 del Código Civil de Puerto Rico de 2020, Ley 55 de 1 de junio de 2020 (31 LPRA sec. 2992.
[10] *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 976 (2021).

menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra".[11] Cuando no existe la posibilidad de reparar algún daño, este debe ser compensado de otra manera. Estos daños causados se indemnizan de manera pecuniaria o monetaria, por parte del demandado y en beneficio del demandante que sufrió el daño. Esta indemnización monetaria es como una subrogación real en la que el dinero ocupa el lugar de los daños y perjuicios sufridos, así como una atribución pecuniaria que equivale a la destruida por el daño causado.[12] Es al juzgador quien tiene la responsabilidad de aquilatar la prueba y así calcular los daños que han de ser satisfecho a aquel que sufrió el daño. Al medir los daños en un caso, el juzgador debe hacerlo sobre una estricta base que corresponda con la prueba presentada.[13] Esto es así ya que ese cálculo no debe estar a la merced de la subjetividad del juzgador, sino que debe descansar en prueba presentada al juzgador y de tal modo garantizar una recompensar justa.

Cuando se trata de daños físicos a la propiedad, es necesario que el demandante provea al tribunal los datos necesarios para cuantificar el daño reclamado y así poder cuantificar la correspondiente indemnización.[14] Al momento de evaluar y calcular dichos daños, el juzgador debe hacerlo en estricta correlación con la prueba presentada, y así mantener el propósito remediador de la indemnización, sin convertirlo en uno punitivo.[15]

---

[11] *López v. Porrata Doria*, 169 DPR 135, 151 (2006).
[12] *S.L.G. v. F.W. Woolworth & Co.*, 143 DPR 76, 81 (1997).
[13] *S.L.G. v. F.W. Woolworth & Co.*, 143 DPR 76, 81 (1997).
[14] *Rivera v. S.L.G. Díaz*, 165 DPR 408, 431 (2005), citando a *Sánchez v. Cooperativa Azucarera*, 66 D.P.R. 346 (1946).
[15] *S.L.G. v. F.W. Woolworth & Co.*, supra.

Es norma reiterada que los tribunales apelativos no deben intervenir con la estimación de los daños que los tribunales de instancia realicen, salvo cuando la cuantía concedida advenga ridículamente baja o exageradamente alta.[16] Esto es así ya que los tribunales de instancia están en mejor posición que los tribunales apelativos para hacer esa evaluación, ya que son ellos los que tienen contacto con la prueba presentada.[17] Sin embargo, el Tribunal Supremo de Puerto Rico ha establecido una excepción. De haber una cuantía establecida que sea ridículamente baja o exageradamente alta, el foro apelativo puede revisar dicha estimación. Para hacer esta determinación, el foro apelativo debe examinar, no tan solo la prueba desfilada ante el foro primario, sino que también las concesiones de daños en casos anteriores similares.[18] Además, se debe actualizar al valor presente las compensaciones otorgadas en esos casos anteriores similares.[19] Al actualizar el valor, nos aseguramos de que las concesiones son equitativas y uniformes y a la vez, ajustadas a la realidad del momento histórico-económico que estamos viviendo.

Ahora bien, para que proceda una revisión por el foro apelativo, la parte que solicita la modificación de las sumas concedidas está obligada a demostrar la existencia de circunstancias que lo ameriten.[20] Esta posible revisión no funciona en automático. Solo cuando se nos acredite que la cuantificación de los daños es irrazonable, es que procederemos a revisarla. De lo

---

[16] *S.L.G. Flores-Jiménez v. Colberg*, 173 D.P.R. 843 (2008).
[17] *Blás v. Hosp. Guadalupe*, 146 D.P.R. 267, 339 (1998).
[18] *Herrera Rivera v. SLG Ramírez-Vicens*, 179 D.P.R. 774, 785 (2010).
[19] *Santiago Montañez v. Fresenius Medical*, 195 D.P.R. 476, 495 (2016).
[20] *Nieves Cruz v. U.P.R.*, 151 DPR 150, 176 (2000).

contrario, reiteramos la norma de abstención judicial para intervenir con la apreciación de la prueba que hizo el foro de instancia en ausencia de pasión, prejuicio, error manifiesto o parcialidad.[21]

### Temeridad

Las Reglas de Procedimiento Civil de Puerto Rico establecen que, en caso de que una parte o su abogado proceda con temeridad o frivolidad, el tribunal deberá imponer en su sentencia el pago de una suma por concepto de honorarios de abogado que entienda correspondiente.[22] En cuanto a su revisión, el Tribunal Supremo ha sido claro que, la determinación de temeridad por parte de un litigante descansa en la discreción del tribunal sentenciador, y que, por ende, no es revisable, a menos que la parte demuestre que se ha cometido un abuso de discreción.[23] Al igual que una revisión de una cuantía impuesta por daños, para que exista la posibilidad de una revisión de una determinación de temeridad por parte del foro apelativo, la parte quien lo solicita está llamado a demostrarle a este foro el porqué debe intervenir. No es un derecho que opera al vacío, sino que debe existir una razón válida para la revisión demostrada claramente por el apelante.

### -III-

El apelante presenta como primer error que, erró el TPI al calcular la cuantía de $60,000.00 por los daños físicos y materiales a la propiedad inmueble, la cual resulta excesivamente alta en ausencia de evidencia

---

[21] *S.L.G. Rodríguez v. Nationwide,* 156 DPR 614, 623 (2002).
[22] Regla 44.1 (d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 44.1 (d).
[23] *Montañez Cruz v. Metropolitan Cons. Corp.*, 87 DPR 38, 40 (1962).

pericial que sostuviera dicha suma y el monto otorgado parece carecer de base racional.

Por su parte, el TPI determinó la cantidad a concederse por concepto de los daños materiales y físicos al inmueble descansando en el testimonio del propio demandado, aquí apelante.[24] Surge del expediente que no se ofreció el testimonio del perito anteriormente anunciado por la apelada, que tampoco estuvo disponible para ser entrevistado por el apelante en cuanto a los costos de las mejoras necesarias para habilitar el inmueble. Es claro que el foro sentenciador dependió solo de la propia valorización que el apelante hizo en juicio en cuanto a la cantidad que había invertido en las mejoras realizadas a la propiedad inmueble previamente arrendada.

La apelada no presentó prueba alguna sobre los daños materiales y físicos ocasionados a su propiedad inmueble. Así pues, no hubo dato alguno para poder valorar el daño reclamado y mucho menos para cuantificar la indemnización correspondiente.

No existe manera de correlacionar los daños calculados con la prueba presentada si no se presentó evidencia alguna y, como consecuencia, no hay manera de saber si la cuantía establecida es una remediadora o punitiva.

Para identificar si la suma establecida fue excesivamente alta, primero hay que presentar prueba sobre los daños materiales causados y así hacer una determinación de si realmente es alta o si guarda relación con dichos daños.

---

[24] Véase Apéndice del recurso apelativo, pág. 22.

Habida cuenta lo anterior, devolvemos el caso al Tribunal de Primera Instancia con el propósito de que celebre una vista evidenciaría para la valoración de los daños materiales al inmueble, con el fin de adjudicar una cuantía razonable y justificada.

Como segundo error, el apelante alega que, erró el Tribunal de Primera Instancia al hacer una determinación de temeridad contra la parte demandada, e imponerle la cuantía de $6,000.00 en concepto de honorarios de Abogado a favor de la parte demandante.

El TPI por su parte determinó que el apelante actuó con temeridad y que, conforme a la Regla 44.1 de Procedimiento Civil, procede dicha cuantía en concepto de Honorarios de Abogado a favor de la apelada.

La imposición de honorarios por temeridad, como bien hemos visto, es una determinación que hace el foro sentenciador, ya que es este quien tiene contacto con la prueba y puede realmente dilucidar si alguna de las partes procedió con temeridad o frivolidad durante los procesos judiciales. Esta determinación no es revisable, a menos que la parte apelante demuestre que el foro de origen abusó de su discreción, hecho que no ocurrió en el presente caso. Nos corresponde pues, darle deferencia al tribunal de origen y confirmar la imposición de la suma por concepto de honorarios de abogado por temeridad. Por cuanto, no se cometió el segundo error señalado.

**-IV-**

Por los fundamentos antes expresados se ***revoca parcialmente*** la sentencia del TPI en cuanto a los daños materiales adjudicados en la misma y se devuelve el caso al foro apelado para que continúe el trámite en

conformidad con lo aquí resuelto. Se **_confirma_** en los demás aspectos.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones