ANASTACIA ESCALERA, demandante y apelante, *v.* MARCELINO, ANTONIA y CARMEN ANDINO FLORES, demandados y apelados.

Número 11201.

*Sometido:* 1 de marzo de 1954. *Resuelto:* 29 de marzo de 1954.

*Virgilio Brunet, José R. Vélez Torres* y *Luis Miranda Correa,* abogados de la apelante; *Enrique Igaravídez* y *Juan Figueroa Rivera,* abogados, respectivamente, del primero y de los dos últimos apelados.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

Se trata de una moción solicitando la desestimación de la apelación interpuesta en el presente caso, por ser frívola dicha

apelación, ya que el único error imputado a la ilustrada Sala Sentenciadora, es haber declarado prescrita una acción de filiación, por no haber sido radicada dentro del año después del fallecimiento del padre natural, hecho que se desprende espontáneamente de los propios autos del caso.

De acuerdo con el artículo 126 del Código Civil de Puerto Rico, las acciones para el reconocimiento de hijos naturales sólo podrán ejercitarse por el hijo natural en vida de sus presuntos padres, o un año después de su muerte, salvo que el padre o la madre hubiesen fallecido durante la menor edad del presunto hijo, en cuyo caso éste podrá ejercitar la acción dentro de cuatro años después de haber llegado a su mayoría de edad, o si después de la muerte del padre o de la madre, apareciere algún documento de que antes no se hubiese tenido noticia, en el que se reconozca expresamente al hijo, en cuyo caso éste podrá ejercitar la acción dentro de los seis meses siguientes al hallazgo de dicho documento.

No hay duda que en este caso se trata de una pretendida hija natural, mayor de edad, que trata de establecer su filiación dentro del año subsiguiente a la muerte de su alegado padre natural.   En la propia demanda se alega que el padre murió el 17 de septiembre de 1951, y de los propios autos consta, que la demanda se radicó el 18 de septiembre de 1952. Lo que debemos resolver es si estaba prescrita la acción de filiación, por haberse radicado fuera del año que tenía para ejercitarla de acuerdo con el artículo 126 del Código Civil de Puerto Rico.

El artículo 8 del mismo Código establece en su título preliminar sobre las reglas generales para su aplicación, que "si en las leyes se habla de meses, días o noches, se entenderá que los meses son de treinta días, los días de veinte y cuatro horas, y las noches desde que se pone el sol hasta que sale el sol; si los meses se determinan por sus nombres, se computarán por los días que respectivamente tengan."   Comentando el artículo 7 del Código Civil español, que concuerda

exactamente con el artículo 8 del Código nuestro, dice Manresa: "El Código no habla de años, pero aplicando el principio en que inspira su artículo 7º, parece que el año debe reputarse compuesto de doce meses naturales y constar de 365 días, a no ser que la ley o el pacto haga referencia a un año determinado y éste sea bisiesto. Es conveniente advertir, por último, que debe darse interpretación extensiva a este artículo, no refiriéndolo exclusivamente a las leyes sino a todas las disposiciones de carácter análogo." 1 Manresa 150, (Sexta Edición del Instituto Editorial Reus), (1943).

Sobre el mismo punto, comenta Scaevola: "Se ocupa el artículo de los tres diversos espacios de tiempo que pueden señalar las leyes: meses, días y noches. Los dos primeros no ofrecen dudas, si bien en cuanto a los meses establece una distinción, según se determinen o no por sus nombres. En este caso, se computan por los días que respectivamente tengan el mes o meses de que se trate; en el contrario por treinta días, cualquiera que sea el número de éstos que lo compongan. Respecto de la noche, se entiende como tal el tiempo transcurrido desde que se pone hasta que sale el sol. El hecho de ser de noche es de fácil comprobación, pero acaso ocurriera que fuera menester hacer constar en un documento el momento preciso de la postura y salida del sol, para lo cual precisaría acudir al calendario. Guarda el Código silencio acerca de este punto, así como del año, período de tiempo que no menciona. En el primer caso consideramos como calendario oficial el Gregoriano, que es el admitido en general y al que el Código de Comercio alude en su artículo 60: en el segundo, a que no todos los años son iguales, pues sabido que el bisiesto es de mayor duración, por razones idénticas a las acabadas de exponer cabe estimar como año legal, tipo y norma de las cuestiones que puedan surgir, el de trescientos sesenta y cinco días." 1 Scaevola 267, 268 (Sexta Edición del Instituto Editorial Reus), (1949).

De igual modo, el artículo 91 de nuestro Código de Comercio, que concuerda con el artículo 60 del Código de Comercio español, dispone que: "en todos los cómputos de días, meses y años, se entenderán el día de veinticuatro horas, los meses según estén designados en el calendario gregoriano y el año de trescientos sesenta y cinco días; exceptúanse aquellos casos en que se disponga otra cosa por este Código o por leyes especiales."

Debemos también tomar en consideración, el artículo 388 del Código Político Administrativo de Puerto Rico que dispone: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído."

No hay duda que el calendario utilizado por el pueblo puertorriqueño es el calendario establecido por el Papa Gregorio XIII en el año 1582, generalmente conocido como calendario gregoriano, al cual cada cuatro años, a excepción del último de cada siglo cuyo número de centenas no sea múltiplo de cuatro, se le añade en el mes de febrero un día al año común, siendo por lo tanto año común el de 365 días y año bisiesto el de 366 días. Para el puertorriqueño será siempre fácil reconocer la periodicidad cuadrienal del bisiesto, por coincidir con las elecciones generales que se celebran en nuestro país.

La última disposición del artículo 8 de nuestro Código Civil, en el sentido que si los meses se determinan por sus nombres se computarán por los días que respectivamente tengan, puede aplicarse a cualquiera cuestión jurídica donde deba computarse un término legal desde determinada fecha. Al contar desde una fecha precisa, tenemos que conocer de los días que respectivamente tenga cada uno de los meses subsiguientes, de acuerdo con el calendario gregoriano, para saber en qué día, de qué mes, de qué año, se cumple exactamente dicho término legal. En el caso del año bisiesto es indudable que debe añadirse un día más al año común de 365 días, por lo

cual el cómputo debe hacerse a base de 366 días y no de 365 días, ya que ésa es la realidad del cuadrienio gregoriano.

Hasta hoy nuestra jurisprudencia tiene establecido que el término de prescripción de un año para acciones civiles de daños y perjuicios consta de 365 días: *Ortiz* v. *American Railroad Co.* 62 D.P.R. 181, (De Jesús), (1943), cita precisa a las páginas 186 y 187; *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346, (De Jesús), (1946), cita precisa a la página 349. No hay duda que tal principio puede aplicarse al término de prescripción de un año para la acción de filiación del hijo mayor de edad, que dispone el artículo 126 del Código Civil de Puerto Rico. Ahora bien, la alegación en cuanto al año bisiesto que está ante nos en el presente caso, no está todavía resuelta por nuestra jurisprudencia. En el caso de *Ortiz* v. *American Railroad Co.*, supra, el término considerado por este tribunal fué desde el 5 ó 6 de mayo de 1938 hasta el 5 de mayo de 1939, ninguno de cuyos años resultaba ser bisiesto. En el caso de *Sánchez* v. *Cooperativa Azucarera*, supra, el término considerado por este tribunal fué desde el 1ro. de mayo de 1943 hasta el 28 de abril de 1944, siendo el año 1944 bisiesto, pero aparentemente por ser la alegación que el término de prescripción era de 360 días y no de 365, el tribunal no tuvo que pasar sobre la cuestión específica del año bisiesto. En este caso tenemos que resolverlo.

Partiendo de la última disposición del artículo 8 de nuestro Código Civil, en cuanto a que si los meses comprendidos dentro del término son determinables como unidades independientes, se computarán por los días que respectivamente tengan, y considerando la aplicación del cuadrienio gregoriano a nuestro pueblo para los años bisiestos, adoptamos como regla local que el año legal será de 365 días si no resulta año bisiesto y de 366 días si resulta el mes de febrero del año bisiesto comprendido dentro del término.

Aplicando la regla de exclusión del primer día e inclusión del último día, establecida por el artículo 388 del Có-

digo Político Administrativo de ·Puerto Rico, y partiendo de la base que se trata de un cómputo de meses determinables, en cuyo período uno de los años es bisiesto, resulta que desde el 17 de septiembre de 1951 hasta el 18 de septiembre de 1952, (año bisiesto este último), el cómputo del término de prescripción nos daría el siguiente resultado: sept. 1951: 13 días; octubre 1951: 31 días; noviembre 1951: 30 días; diciembre 1951: 31 días; enero 1952: 31 días; febrero 1952: 29 días; marzo 1952: 31 días; abril 1952: 30 días; mayo 1952: 31 días; junio 1952: 30 días; julio 1952: 31 días; agosto 1952: 31 días; septiembre 1952: 18 días, total 367 días, resultando pues prescrita la acción bien se trate de un año legal común o de un año legal bisiesto, máxime cuando el 18 de septiembre no resulta feriado y no hay que excluirlo.

*Debe desestimarse la apelación interpuesta.*