Frank Zorrilla, etc., peticionario, v. Tribunal Superior, Sala de San Juan, Hon. Manuel A. Moreda, Juez, demandado.

Número: C-64-82        Resuelto: 11 de marzo de 1965

Manuel Janer Mendía, Ramón R. Lugo Beauchamp y C. Bastián Ramos, abogados del peticionario; Fiddler, González & Rodríguez y Juan R. Torruella del Valle, abogados del patrono.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Reza el Art. 32 de la vigente Ley de Salario Mínimo, Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. sec. 246d (Supl. 1963, pág. 177), que:

"(a) Por el transcurso de tres años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de esta ley, de los decretos mandatorios ya aprobados o que se aprueben de acuerdo con sus disposiciones, de las órdenes promulgadas por la Junta, o al amparo de cualquier contrato o ley. Para la prescripción de esta acción el tiempo se contará desde que el empleado cesó en su empleo con el patrono.

"(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviere

derecho el empleado, por cualquier concepto, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial.

"(c) En el caso de que el empleado hubiere cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos diez años anteriores a la fecha de su cesantía.

"(d) En relación con el término prescriptivo provisto en esta Sección, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo.

"(e) Lo dispuesto en esta Sección en nada afectará los casos ya radicados en los tribunales o que se radicaren dentro de un (1) año después de entrar en vigor esta ley."

La cuestión crucial que se plantea en el presente recurso es si el término de tres años a que se refiere la disposición transcrita es uno de caducidad o de prescripción, ya que si se tratara de un plazo de caducidad no le serían aplicables las reglas concernientes a la interrupción de la prescripción a que alude el Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, y especialmente, la reclamación extrajudicial hecha por el acreedor. [1]

No existe controversia alguna sobre los hechos. En 13 de mayo de 1964, el Secretario del Trabajo, en representación de nueve empleados, incoó una acción en reclamación de salarios contra la mercantil Roque González & Co., Inc., que opera un negocio de ventas al por menor en esta plaza, por horas trabajadas en exceso de la jornada legal. La demandada solicitó se desestimara la querella "por la razón de que las acciones que se pretenden ejercitar por los distintos querellantes están *prescritas*." En el acto de la vista celebrada en relación con esta moción estipulóse que, con excepción de una de las empleadas nombrada Carmen Sobrado, el resto de los beneficiarios de la acción dejaron de prestar servicios para la

---

[1] En términos generales sobre las diferencias entre la caducidad y la prescripción, véanse, *Eisele* v. *Orcasitas,* 85 D.P.R. 89, 93–95 (1962); Velázquez, *Las Obligaciones según el Derecho Puertorriqueño* (ed. Equity de Puerto Rico, 1964), págs. 256–257.

querellada en o antes del día 13 de mayo de 1961. El Secretario ofreció y se admitió en evidencia cierta correspondencia cruzada entre las partes consistente en una comunicación de 23 de mayo de 1963 dirigida por el señor Ovidio Silva, Administrador del Area I del Departamento del Trabajo, a la corporación demandada en la cual le formulaba la reclamación por las horas extras alegadamente trabajadas; la contestación de la querellada de 30 de mayo informando que se había referido el asunto a sus abogados y conminando a suspender todo procedimiento hasta tanto éstos se comunicaran con el representante del Secretario; y, una carta de 13 de junio firmada por el Lic. Juan R. Torruella del Valle, representante legal de la corporación, rechazando la reclamación.

Dedúcese de lo expuesto que: (1) si el término es de prescripción, éste fue interrumpido por la gestión extrajudicial que evidencia la correspondencia reseñada; y, (2) si es uno de caducidad, ya en 13 de mayo de 1964 los interesados habían perdido su pretensión, pues no verificaron oportunamente el acto—iniciación de la acción—del cual dependía la protección de su interés. Ello es así porque como el año debe reputarse que consta de 365 días—interpretación que adoptamos en relación con la computación de términos de prescripción en *Ortiz* v. *Am. Railroad Co.*, 62 D.P.R. 181, 186 (1943),(²) ratificado en *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346 (1946) y *Escalera* v. *Andino*, 76 D.P.R. 268 (1954)—y siendo bisiesto el año 1964, el término expiró en 12 de mayo de este último.

1. Con anterioridad a la vigencia del Art. 32 de la Ley de Salario Mínimo el término para el ejercicio de las acciones en reclamación de salarios era el prescriptivo de tres años que

---

(²)Apoyóse en la glosa de Manresa, *Comentarios al Código Civil Español* (6a. ed., 1943), vol. 1, pág. 150, al Art. 7 de dicho cuerpo legal, idéntico al 8 nuestro: "El Código no habla de años, pero aplicando el principio en que inspira su artículo 7°, parece que el año debe reputarse compuesto de doce meses naturales y constar de 365 días, a no ser que la ley o el pacto haga referencia a un año determinado y éste sea bisiesto."

señala el Art. 1867 del Código Civil (ed. 1930). *Muñoz* v. *Corte*, 63 D.P.R. 236 (1944); *Parrondo* v. *L. Rodríguez & Co.*, 64 D.P.R. 438 (1945); *Avellanet* v. *Porto Rican Express Co.*, 64 D.P.R. 693 (1945); *Jiménez* v. *Corte*, 65 D.P.R. 37 (1945); *Valiente & Cía.* v. *Corte*, 68 D.P.R. 529 (1948); *Chabrán* v. *Bull Insular Line*, 69 D.P.R. 269 (1948); *Vicenty* v. *Corona Brewing Corporation*, 73 D.P.R. 135 (1952); *Lebrón* v. *P.R. Ry. Lt. & P. Co.*, 78 D.P.R. 683 (1955); *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1956); *Sierra* v. *Mario Mercado e Hijos*, 81 D.P.R. 314 (1959). Desde la opinión en el caso de *Muñoz*, supra, a la pág. 249, este Tribunal expresó su preocupación en cuanto a este estatuto de prescripción—por lo que luego se caracterizó en *Jiménez*, supra, a la pág. 42, como funcionamiento práctico "altamente irrazonable"—en las siguientes palabras:

"Los modernos medios de defensa de que en el presente dispone el obrero para defender sus derechos, hacen innecesario para él y quizás injusto para el patrono mantener a este último sujeto a la amenaza de una reclamación de salarios por todo el tiempo que pueda durar un contrato de servicios sin término definido y hasta tres años después de haberse dejado de prestar los respectivos servicios. En muchos casos el patrono corre el riesgo de perder la evidencia que hubiera podido usar en su defensa si el pleito contra él se hubiera presentado dentro de un plazo razonable; en otros, puede crecer a tal extremo el montante de la reclamación que la sentencia que lo condene a pagarla pueda producir su ruina económica. Pero esas consideraciones, lógicas y justas como son, deben ser sometidas a la Asamblea Legislativa y no a los tribunales, a quienes les está vedado pesar sobre la bondad y sabiduría de las leyes."

Y luego, en *Chabrán*, supra, a las págs. 284 y 285, reiteramos que:

"La teoría fundamental en la cual está predicado el artículo 1867—que un empleado estará temeroso de demandar a su patrono mientras permanece en su empleo—es anticuada, por lo menos cuando, como aquí ocurre, una poderosa unión representa a los empleados al negociar convenios colectivos con el patrono.

Tomamos conocimiento judicial de que la huelga de seis semanas aquí envuelta paralizó casi toda la actividad económica en esta isla, que depende para su existencia de la industria naviera. El demandante y sus compañeros tenían un derecho incondicional de irse en huelga. Pero nadie que la observó puede razonablemente decir que indicó timidez y miedo por parte de los empleados hacia sus patronos.

"En muchos casos esta teoría no puede subsistir a la luz de condiciones modernas bajo las cuales (1) el trabajo organizado mediante las uniones celebra convenios colectivos con los patronos, con frecuencia, como aquí, sobre una base de todos los patronos en una industria específica; (2) el Departamento del Trabajo Insular, mediante su Servicio de Conciliación y de sus abogados que llevan los pleitos privados a nombre de los obreros, protege los derechos de estos últimos; (3) una Junta de Salario Mínimo establece el salario mínimo, las horas máximas y las condiciones de trabajo para todos los patronos de determinadas industrias; (4) existen juntas Federales e insulares para evitar prácticas ilícitas de trabajo por parte de los patronos; (5) las leyes Federales e insulares disponen que será delito el que un patrono despida o discrimine en forma alguna contra un empleado porque éste demande al patrono en reclamación de salarios, 29 U.S.C. sec. 215(a)(3); artículo 18, Ley núm. 379, Leyes de Puerto Rico, 1948."

En *Agostini* v. *Tribunal Superior*, 82 D.P.R. 219 (1961), aplicando el inciso (e) del Art. 32, manifestamos que la prescripción de una acción en reclamación de salarios radicada más de un año después de estar en vigor la Ley de Salario Mínimo de 1956 se rige por esta ley y no por el Art. 1867 del Código Civil. Tanto en *Agostini*, supra, como en *Rodríguez* v. *Eastern Sugar*, 82 D.P.R. 580 (1961), resueltos bajo el Art. 32, nos referimos a la prescripción de la acción, tal vez siguiendo los términos de la propia ley, pero en ninguno de ellos estaba envuelta la cuestión que ahora se plantea. En ambos se trataba de determinar el punto de partida para comenzar a contar el término; en el primero, si la ocurrencia de una huelga o la incautación por el gobierno de las operaciones del patrono ocasionaba la cesación de la prestación de

servicios; en el segundo, consideramos cierto aspecto peculiar a la prestación de servicios en industrias estacionales. No constituyen, por tanto, precedente para la determinación básica que nos corresponde hacer.

2. Desde 1955 la Asamblea Legislativa de Puerto Rico, a través de la Comisión Conjunta del Trabajo del Senado y la Cámara de Representantes, comenzó un estudio de los salarios y condiciones de trabajo prevalecientes en Puerto Rico tanto en la esfera de las actividades locales como en las interestatales. Fruto de esa labor fueron los P. del S. 803 y P. de la C. 1538, entre cuyos objetivos básicos se reconoció el de "[m]odernizar en forma realista las disposiciones sobre la prescripción de las acciones en cobro de salarios en forma equitativa para los obreros y los patronos." *Diario de Sesiones*, vol. 8, tomo 3, pág. 1065.

Al explicar el inciso (a) del Art. 32, dice específicamente el informe que se rindió por dicha comisión, *Diario*, pág. 1072:

"Es necesario aclarar que el inciso (a) contempla que por el transcurso de tres años *caduque* cualquier acción en reclamación de salarios que pueda tener un empleado contra su antiguo patrono. En otras palabras, es la intención que *no pueda levantarse la defensa de interrupción de término, mediante alegadas reclamaciones extrajudiciales,* en casos cubiertos por la Sección 32(a)." (Énfasis suplido.)

Comenta luego que este artículo "ha sido objeto del más cuidadoso estudio y análisis", y que "Antes de incluirse esta disposición en el proyecto se hizo el más detenido y cuidadoso balance de todos los intereses y circunstancias envueltas en esta determinación. De un lado, los intereses y derechos de los trabajadores a que se les compense en su totalidad por el trabajo rendido, y del otro lado, *el interés público de fijar un límite a las acciones* y al período de tiempo que [se] pueda cubrir en una reclamación de esta índole" (pág. 1072). Específicamente, al referirse a que según la ley hasta entonces

vigente—el Art. 1867 del Código Civil—el término podía interrumpirse indefinidamente mediante reclamaciones extrajudiciales, se expresó que dicha fórmula *"no protege en forma adecuada y razonable el interés público,"* y que la intención de la sección propuesta es "corregir esta deficiencia fundamental" *Diario*, pág. 1073.

Para sostener que se trata de un término de prescripción y no de caducidad, el Secretario cita ciertas manifestaciones del Representante señor Lagarde Garcés que aparecen a la página 1240 del *Diario* tantas veces mencionado. (³)

---

(³) Dichas manifestaciones son las siguientes:

"Sr. LAGARDE GARCÉS: Nosotros nos hemos opuesto a la enmienda porque si bien es cierto que en Puerto Rico actualmente se puede entablar una acción dentro de los tres años siguientes a cesar en el trabajo, y es por todo el tiempo que se ha estado ocupando ese trabajo, sin embargo, esta Ley no cierra esa puerta. No la cierra. ¿Por qué? Porque si el obrero, *aun cuando continúe trabajando, hace la reclamación extrajudicial, tiene derecho a cobrar cinco años para atrás.* Hace la reclamación extrajudicial. Le dice: 'Patrono, tú me debes tanto en estos cuatro años anteriores'. Aunque no radique la acción, ya interrumpe el término prescriptivo. Ahora, ¿cómo mejora fundamentalmente, este proyecto, la ley y la jurisprudencia actual? Pues la mejora, Colega, en que en la actualidad, si yo trabajo en una fábrica, obrero de una fábrica, y soy carpintero y trabajo como carpintero diez años, pero ceso de ser carpintero y paso a otra ocupación, digamos, capataz, no carpintero, y sigo trabajando ahí en la misma fábrica y salgo de la fábrica, si yo no he entablado la reclamación dentro de los tres años en que cesé en la ocupación de carpintero, pierdo esa reclamación. Sin embargo, este precepto legal estatuido aquí, si bien limita en términos generales a cinco años para atrás la reclamación cuyo término también estatuye la forma de interrumpirlo, que es mediante reclamación extrajudicial, hace la salvedad de que en relación con el término prescriptivo provisto en esta sección, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo. Quiere decir: Yo carpintero 10 años, no me están pagando lo que amerita de acuerdo con el contrato o con el decreto, o con la ley, y después me pasan de ese cargo de carpintero a capataz, y sigo ahí, no pierdo porque haya sido capataz tres años y no haya cobrado el derecho de reclamar aquello, sino que cuando salga de la empresa, tengo derecho a entablar la reclamación. Así es que yo entiendo, que esto lo único que hace es que le exige al obrero que interrumpa el término prescriptivo mediante reclamación extrajudicial. Tan pronto reclame extrajudicialmente, interrumpido el término y adelante y no está sacrificando sus derechos anteriores al amparo de la vieja ley sino que por el contrario lo está mejor garantizado y mejor asegurando, y corrigiendo lo que yo creo que es un error jurisprudencial en Puerto Rico." (Énfasis suplido.)

Sin embargo, a poco que se examinan se observará que lejos de fortalecer la contención para la cual se invocan, la debilitan, pues el legislador se estaba refiriendo a una disposición que contenía el proyecto originalmente presentado al efecto de que cuando se trataba de un obrero o empleado que estuviere trabajando con el patrono al momento de iniciar la acción, "si hubiere mediado una reclamación extrajudicial, el empleado podrá incluir en su reclamación los últimos cinco años anteriores a la fecha de dicha reclamación judicial." Pero en forma alguna se relacionaba con un caso, como el presente, en que la reclamación se entablaba cuando el empleado ya había cesado en su empleo con el patrono demandado. Valga aclarar que aun esta única referencia a reclamaciones extrajudiciales fue inmediatamente eliminada de la versión final del proyecto que luego se convirtió en la actual Ley de Salario Mínimo al aumentarse de cinco a diez años el período por el cual se podía reclamar. *Diario*, pág. 1241.

El inciso (d) del Art. 32 que se refiere al "término prescriptivo" para disponer que un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo, no altera nuestra conclusión, pues simplemente se limita a considerar cierta situación relacionada con el momento en que se estimará que el empleado ha cesado en el empleo. Tiene más bien relación con el período de diez años que se puede incluir en la reclamación.

Con una intención legislativa tan diáfana y reiteradamente manifestada no puede caber otra conclusión que la de que el término de tres años del Art. 32 es uno de caducidad, insusceptible de ser interrumpido por reclamaciones extrajudiciales. (4)

---

(4) Castán, *Derecho Civil Español, Común y Foral* (10a. ed., 1963), tomo 1, vol. II, pág. 854, señala que aun el Tribunal Supremo de España ha usado el término prescripción para referirse a supuestos de caducidad. Así también lo ha hecho este Tribunal. *Zalduondo* v. *Iturregui*, 83 D.P.R. 1, 25 (1961); *Morales* v. *Federal Land Bank*, 56 D.P.R. 859, 862 (1940); *Felici* v. *Ribas*, 11 D.P.R. 539 (1906).

*Se anulará el auto expedido y se devolverá el caso para procedimientos no inconsistentes con la presente opinión.*