DOMITILA ROSARIO RODRÍGUEZ ET AL., demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados y peticionarios.

*Número:* CE-88-231        *Resuelto:* 2 de noviembre de 1988

*Luis R. Mena Ramos* y *Edda Serrano Blasini,* de *Benjamín Acosta, Jr.,* abogados de los peticionarios; *Eric M. Quetglas Jordán,* abogado de los recurridos.

I

PER CURIAM: El 24 de agosto de 1985, Domitila Rosario y otros demandaron al Estado Libre Asociado de Puerto Rico y al Municipio de Guaynabo en daños y perjuicios ante el Tribunal Superior, Sala de Bayamón. Ambos contestaron y negaron responsabilidad.

El 23 de junio de 1987 dicho foro notificó sentencia desestimatoria por falta de trámite conforme la Regla 39.2(b) de

Procedimiento Civil, 32 L.P.R.A. Ap. III. Transcurrió el tiempo. El 23 de diciembre los demandantes presentaron una moción de relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El tribunal la acogió parcialmente, y el 26 de febrero de 1988 *enmendó* su 'sentencia para que la desestimación fuera sin perjuicio. Inconforme, recurrió ante nos el Municipio de Guaynabo. Aunque originalmente declinamos intervenir,(¹) por vía de reconsideración acogimos su petición y emitimos orden de mostrar causa. Resolvemos.

## II

El argumento central del Municipio de Guaynabo es que el tribunal erró al considerar la solicitud de relevo de sentencia, pues había transcurrido el término de *seis (6) meses* que provee la Regla 49.2 de Procedimiento Civil, *supra*. Sostiene que dicho término debe computarse a base de *meses de treinta (30) días*, por lo que la moción de los demandantes — presentada a los *ciento ochenta y tres (183) días* de la notificación de la sentencia— estaba fuera de término. Por su parte, éstos invocan la decisión de *Escalera v. Andino*, 76 D.P.R. 268, 271 (1954), y argumentan que dicho término se cuenta a base del concepto genérico de meses, irrespectivo de sus días.

## III

Incidió el foro de instancia. La Regla 49.2 de Procedimiento Civil, *supra*, en lo pertinente dispone que una moción de relevo "se presentará dentro de un término razonable, pero *en ningún caso* después de transcurridos *seis (6)*

---

(¹) El Juez Presidente Señor Pons Núñez y los Jueces Asociados Señores Rebollo López y Hernández Denton hicieron constar que hubiesen expedido el auto.

*meses* de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento". (Énfasis suplido.)

A dicho término es aplicable, supletoriamente, el principio del Art. 8 del Código Civil, 31 L.P.R.A. sec. 8, preceptivo de que cuando "en las leyes se habla de meses . . . se entenderá que . . . son de treinta días . . .". Véanse, también: *Noriega v. Sucn. Colón*, 40 D.P.R. 450 (1930); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, pág. 437.

*Escalera v. Andino*, supra, no favorece la posición de los demandantes. Dicho caso, por el contrario, reitera la norma del Código Civil y simplemente aclara la operación matemática a realizarse, a saber, "[a]l contar desde una *fecha precisa*, [aquí desde el archivo y notificación de la sentencia en 23 de junio de 1987,] *tenemos que conocer de los días que respectivamente tenga cada uno de los meses subsiguientes*, de acuerdo con el calendario gregoriano, para saber en *qué día, de qué mes, de qué año, se cumple exactamente* dicho término legal". (Énfasis suplido.) Íd., pág. 271.

■ En resumen, reiteramos que el período de seis (6) meses que provee la Regla 49.2 de Procedimiento Civil, *supra*, para la presentación de una moción de relevo se computa a base de ciento ochenta (180) días. La solicitud de los demandantes en este caso fue tardía.

*Procede expedir el auto y dictar sentencia revocatoria.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.