# 95 DTA 219

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

RUBEN MURRAY SALGADO
Peticionario
v.

COOPERATIVA AHORRO Y CREDITO DE LAJAS
Recurrida

Núm. KLCE-95-00405

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se recurre, mediante el presente recurso de *certiorari*, de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, denegando una Moción de Relevo de Sentencia presentada por el peticionario Rubén Murray Salgado ante dicho foro el 5 de mayo de 1995, para dejar sin efecto la sentencia emitida por el Tribunal el 28 de abril de 1994. El recurso de la parte peticionaria, presentado *pro se* por el peticionario Murray, no indica la fecha en que se emitió la citada resolución, ni incluye copia de la misma, contrario a lo requerido por la Regla 19(E)(2) del Reglamento de este Tribunal. Tampoco se incluye copia de la sentencia del Tribunal o de las alegaciones de las partes. Se acompaña, sin embargo, una resolución del Tribunal de Primera Instancia emitida el 7 de noviembre de 1994, denegando una moción de reconsideración presentada por el peticionario (no se incluye esta última). Dicha moción de reconsideración aparentemente fue presentada por el peticionario de forma oportuna y --presumimos-- acogida por el Tribunal antes de que hubiera transcurrido el plazo establecido por la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, pero tampoco se ha acompañado resolución alguna del Tribunal acreditando este hecho, de modo tal que este Tribunal pudiera evaluar su jurisdicción en este caso.

Hasta donde nos permite determinar el limitado récord de documentos sometido en apoyo al recurso, la presente controversia tiene su origen en una decisión de la Junta de Directores de la Cooperativa de Ahorro y Crédito de Lajas, emitida el 24 de octubre de 1990, destituyendo al peticionario como miembro de dicha Cooperativa. Esta decisión fue confirmada por la Asamblea de Socios de la Cooperativa el 24 de enero de 1993. El peticionario acudió entonces en apelación a la Oficina del Inspector de Cooperativas quien designó al Lcdo. Abner Limardo como Oficial Examinador en el caso, delegándole la *"autoridad de adjudicar la controversia y emitir la decisión que corresponda."*

El 5 de febrero de 1994, el Lcdo. Limardo emitió una *"resolución"* ordenando a la Cooperativa restituir al peticionario como socio. La Cooperativa ignoró este dictamen. En su lugar, según se narra en el recurso, presentó una apelación ante la Junta de Apelaciones Sobre las Decisiones del Inspector de Cooperativas.

Así las cosas, el peticionario presentó una demanda de *injunction* ante el Tribunal de Primera Instancia para que se pusiera en vigor la orden de reinstalación del Lcdo. Limardo, donde supuestamente se alegaba que la pendencia de la apelación administrativa no tenía el efecto de dejar en suspenso esta orden.

El 28 de abril de 1994, el Tribunal desestimó la demanda, alegadamente, por considerar que la misma era prematura y que no existía una determinación final del Inspector de Cooperativas. Según indicado, la parte peticionaria solicitó reconsideración de este dictamen. En su resolución del 7 de noviembre de 1994, el Tribunal explicó que, a su juicio, la decisión del Lcdo. Limardo no podía considerarse como la decisión final del Inspector de Cooperativas, por cuanto el Lcdo. Limardo sólo había sido designado como Oficial Examinador por la agencia, lo que no le confería autoridad en ley para adjudicar el caso y sí tan sólo para emitir un informe recomendando un curso de acción.

La parte peticionaria no recurrió de dicho dictamen. En su lugar, el 5 de mayo de 1995, presentó la aludida moción de relevo presentando nuevos argumentos de derecho en torno a las razones por las cuales debía ordenarse el cumplimiento de la resolución emitida por el Lcdo. Limardo.

## II

Debemos denegar el recurso de la parte peticionaria por varios fundamentos. En primer lugar, según señalado, dicha parte incumplió con las disposiciones de la Regla 19(E) del Reglamento de este Tribunal, omitiendo incluir con su recurso copia de la resolución recurrida, la sentencia original y otras resoluciones y órdenes emitidas por el Tribunal de Primera Instancia y las alegaciones y mociones presentadas por las partes ante el Tribunal y las agencias administrativas. En ausencia de estos documentos, este Tribunal no está en posición de evaluar los méritos del presente recurso o, incluso, nuestra jurisdicción sobre la presente controversia. Compárese, *Pueblo v. Maldonado Medina,* KLCE-95-00014 (resolución del 28 de febrero de 1995), **95 D.T.A. 17.**

En segundo lugar y a base del escaso récord presentado con el recurso, tendríamos que concluir que la moción de relevo presentada por la parte peticionaria ante el Tribunal de Primera Instancia fue tardía. Conforme la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, la parte venía obligada a presentar su moción de relevo en un término razonable que no podía exceder de seis meses, o sea ciento ochenta (180) días, *"de haberse registrado la sentencia".* Véase, *Rosario Rodríguez v. E.L.A.,* 122 D.P.R. 554 (1988). Aunque la parte peticionaria no ha aclarado la fecha exacta en que la sentencia del Tribunal de Primera Instancia fue registrada, es evidente que esto ocurrió más de ciento ochenta días antes de la moción de relevo.

Finalmente, entendemos que la moción de relevo tampoco era meritoria. El Tribunal Supremo de Puerto Rico ha establecido que una moción de relevo al amparo de la Regla 49.2 no procede como un remedio substitutivo de los recursos apelativos ordinarios ni como vehículo para corregir errores de derecho del Tribunal. Véase, *Rodríguez v. Tribunal Superior,* 102 D.P.R. 290, 294 (1974); *Builders Ins., Inc. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972). En el caso de autos, los planteamientos de la parte peticionaria debieron haber sido oportunamente formulados mediante un recurso de revisión de la sentencia del Tribunal de Primera Instancia.

Por los fundamentos expresados, se deniega el recurso solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General