*628 TEXTO COMPLETO DE LA RESOLUCION
Mediante un recurso de certiorari, acuden ante nos Luis Villafañe Santiago, Zoraida Santos Rodríguez y la sociedad legal de gananciales compuesta por ambos, solicitando que revoquemos una resolución dictada por el Tribunal de Primera Instancia, Sala Superior Fajardo en Humacao, en la cual no consideró una moción de reconsideración como una moción de relevo de sentencia. Se deniega el recurso de certiorari de autos por el Tribunal de Primera Instancia carecer de jurisdicción para resolver la moción de relevo recurrida.
I. Los hechos.
En 23 de noviembre de 1998, el Tribunal de Primera Instancia, Sala Superior de Fajardo en Humacao, desestimó por prescripción una acción de daños y perjuicios en contra de L.G.B. Drug y National Insurance Company (National). El archivo en autos de la copia de la notificación de la sentencia parcial que desestimó la acción de daños y perjuicios, en cuanto a esos dos demandados, se realizó el 2 de diciembre de 1998.
En 22 de diciembre de 1999, los demandantes, Luis Villafañe Santiago (Santiago), Zoraida Santos Rodríguez (Santos) y la sociedad legal de gananciales compuesta por ambos, presentaron una moción de reconsideración. La misma fue considerada por el Tribunal de Primera Instancia en 29 de diciembre de 1998.
En 15 de octubre de 1999 se realizó una vista ante el tribunal. Durante la misma, el Tribunal de Primera Instancia autorizó a Villafañe y a Santos a presentar una moción de relevo de sentencia.
En 16 de noviembre de 1999, Villafañe y Santos presentaron una moción de relevo de sentencia. En 9 de febrero de 2000, L.G.B. Drug y National presentaron un escrito en oposición a la moción de relevo presentada por Villafañe y Santos.
En 22 de febrero de 2000, el Tribunal de Primera Instancia dictó una resolución desestimando la moción de relevo de sentencia por falta de jurisdicción. El archivo en autos de una copia de la notificación de la resolución se realizó en 31 de mayo de 2000.
En 14 de junio de 2000, el Tribunal de Primera Instancia emitió una segunda resolución en la que fundamentó la desestimación por falta de jurisdicción de la moción de relevo de sentencia. En la misma explicó que dicho tribunal no tenía jurisdicción para considerar la moción de reconsideración presentada en 22 de enero de 1999, por haberse presentado fuera del término jurisdiccional de quince (15) días establecido en la Regla 47 de Procedimiento Civil (32 L.P.R.A. Ap. Ill, R. 47). Tampoco el Tribunal de Primera Instancia podía considerar la moción de reconsideración como una moción de relevo porque la misma no cumplía con los requisitos establecidos en la Regla 49.2 de Procedimiento Civil (32 L.P.R.A. Ap. Ill, R. 49.2). En adición, el Tribunal de Primera Instancia resolvió que carecía de jurisdicción para considerar la moción de relevo presentada por Villafañe y Santos por la misma haberse presentado después del término máximo de seis (6) meses establecido en la Regla 49.2 de Procedimiento Civil. El archivo en autos de una copia de la notificación de la resolución fundamentada se realizó en 7 de julio de 2000.
No conforme con lo resuelto por el Tribunal de Primera Instancia, Villafañe y Santos acudieron ante nos por medio de un recurso de certiorari. En el mismo, Villafañe y Santos alegaron el siguiente error:

“Erró el Honorable Tribunal de Primera Instancia al negarse a considerar la moción de reconsideración presentada por la parte demandante el 23 de diciembre de 1998, como una de relevo y nulidad de sentencia a tenor con la Regla 49.2 de Procedimiento Civil, declarándose sin jurisdicción para atender la misma. ”

Con el beneficio de haber recibido el alegato en oposición de L.G.B. Drug y National, nos encontramos en posición para resolver. Denegamos el recurso de certiorari de autos por falta de jurisdicción.
*629 II- El derecho.
Las mociones de reconsideración se deben presentar ante el Tribunal de Primera Instancia dentro, del término jurisdiccional de quince (15) días desde la fecha en que se realizó el archivo en autos de una copia de la notificación de una sentencia, resolución u orden. Regla 47 de Procedimiento Civil, supra; Castro Martínez v. Sergio Estrada Auto Sales Inc., Res. 22 de septiembre de 1999, 99 J.T.S. 147; Vega Maldonado v. Alicea Huácuz, Res. 2 de abril de 1998, 98 J.T.S. 39, a las páginas 768 a 769; Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 298 (1989). De una parte presentar una moción de reconsideración después de haber transcurrido el término jurisdiccional de quince (15) días, entonces el tribunal la debe de desestimar por falta de jurisdicción, excepto que la misma cumpla con los requisitos de una moción de relevo de sentencia. Vega Maldonado v. Alicea Huácuz, supra, a las páginas 769 a 770; Pagán Navedo v. Rivera Sierra, Res. 30 de mayo de 1997, 97 J. T.S. 76, a la página 1084; Olmeda Nazario v. Sueiro Jiménez, supra, pág. 298; y Barreto v. Sherris Caribbean, Inc., 92 D.P.R. 859, 865 (1965).
Por medio de una moción de relevo bajo la Regla 49.2 de Procedimiento Civil (32 L.P.R.A. Ap. DI, R. 49.2), un tribunal tiene la facultad de dejar sin efecto una sentencia, resolución u orden. Olmeda Nazario v. Sueiro Jiménez, supra, págs. 298-299. Para que un tribunal pueda conceder el remedio solicitado en una moción de relevo, entonces en la misma se debe expresar alguna de las seis (6) razones establecidas en la propia Regla 49.2 por las cuales se puede relevar un dictamen judicial, siendo un asunto discrecional del tribunal si concede o deniega el remedio solicitado. Pagán Navedo v. Rivera Sierra, supra, a la página 1084; Southern Construction Co. v. Tribunal Superior, 87 D.P.R. 903, 905-906 (1963); y Rafael Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil see. 4803 (1997). Además, aunque el Tribunal Supremo ha expresado que la Regla 49.2 de Procedimiento Civil se debe interpretar de manera liberal, esto no implica que la misma se deba utilizar como un sustituto a los recursos de apelación o reconsideración. Pagán Navedo v. Rivera Sierra, supra, a la página 1084; y Olmeda Nazario v. Sueiro Jiménez, supra, pág. 299.
Por último, para que un tribunal tenga jurisdicción para considerar una moción de relevo, entonces la misma deberá ser presentada dentro de un término razonable que no exceda los seis meses (180 días) después del archivo en autos de una copia de la notificación del dictamen judicial a ser relevado. Srio. del Trabajo v. Econo Tire Distributors, Res. 14 de octubre de 1998, 98 J.T.S. 135; Pagán Navedo v. Rivera Sierra, supra, a la página 1083; Rosario Rodríguez v. E.L.A., 122 D.P.R. 554, 555-556 (1988); Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458, 463-464 (1986); Sánchez Ramos v. Troche Toro, 111 D.P.R. 155, 157-158 (1981); y Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864, 866-867 (1965).
III- Aplicación del derecho.
En el presente caso, en 23 de noviembre de 1998, el Tribunal de Primera Instancia dictó una sentencia parcial desestimando una acción de daños y peijuicios en contra de L.G.B. Drug y National. El archivo en autos de la copia de la notificación de la sentencia parcial se realizó en 2 de diciembre de 1998.
Once meses después, en 16 de noviembre de 1999, Villafañe y Santos presentaron una moción de relevo. En la misma alegaron que la acción de daños y peijuicios presentada por ellos en contra de L.G.B. Drug y National no estaba prescrita, y que el motivo por el cual el Tribunal de Primera Instancia dictó la sentencia parcial de desestimación se debió a la inacción y negligencia de su antiguo abogado. Consistiendo tal inacción y negligencia en que su antiguo abogado no se opuso a la moción de desestimación presentada por L.G.B. Dmg y National, aun ante el requerimiento del Tribunal, y al no presentar a tiempo la moción de reconsideración. El Tribunal de Primera Instancia desestimó la moción de relevo presentada por Villafañe y Santos por falta de jurisdicción.
Resolvemos que el Tribunal de Primera Instancia no erró al desestimar la moción de relevo por falta de jurisdicción, ya que la misma fue presentada después de haber transcurrido el término máximo de seis (6) meses *630 establecido en la Regla 49.2 de Procedimiento Civil. De igual modo, resolvemos que el Tribunal de Primera Instancia no erró al desestimar la moción de reconsideración presentada por Villafañe y Santos, ya que la misma fue presentada ante el Tribunal a los 20 días después de haberse realizado el archivo en autos de copia de la notificación de la sentencia. En resumen, el Tribunal de Primera Instancia carecía de jurisdicción para considerar la misma.
En cuanto al error alegado por Villafañe y Santos, de que el Tribunal de Primera Instancia erró al no considerar la moción de reconsideración del 22 de diciembre de 1998 como una moción de relevo, resolvemos que tal error no fue cometido. De una lectura del expediente, nos percatamos que el Tribunal de Primera Instancia desestimó la acción de daños y perjuicios en contra de L.G.B. Drug y National porque resolvió que la acción estaba prescrita, no como sanción por incumplimiento a las órdenes del Tribunal por parte del abogado de Villafañe y Santos. Por lo que en la moción de reconsideración del 22 de diciembre de 1998, no se expresó ninguna de las seis (6) razones por las cuales se puede conceder una moción de relevo bajo la Regla 49.2 de Procedimiento Civil.
Es decir, el Tribunal de Primera Instancia tenía discreción para considerar la moción de reconsideración como una moción de relevo de sentencia, si ésta cualificaba como tal. Analizada la moción de reconsideración, a la luz de los requisitos de la Regla 49.2 de Procedimiento Civil, encontramos que ésta no cualificaba para ser considerada como una moción de relevo de sentencia. Los planteamientos hechos en la misma, simplemente van dirigidos a señalar un supuesto error cometido por el Tribunal de Primera Instancia, no errores cometidos por las partes. Pagán Navedo v. Rivera Sierra, supra, a la página 1084; y Figueroa v. Banco de San Juan, 108 D.P.R. 680, 688 (1979).
Villafañe y Santos tuvieron la oportunidad de apelar la sentencia parcial, pero no lo hicieron. Ellos no pueden utilizar una moción de relevo como sustituto a una moción de reconsideración y/o un recurso de apelación para revisar la sentencia parcial que desestimó su acción de daños y perjuicios en contra de L.G.B. Drug y National. El Tribunal de Primera Instancia actuó correctamente al no considerar la moción de reconsideración del 22 de diciembre de 1998 como una moción de relevo.
Por los fundamentos que anteceden, se deniega el recurso de autos.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 15
1, Las niñas Nahomi y Nahyra, ambas de apellidos Villafañe Cruz, estaban originalmente acumuladas como demandantes. En 15 de octubre de 1999, sus representantes desistieron de la demanda por concluir que las niñas no sufrieron daños a causa del accidente de automóviles que dio lugar a la misma. Apéndice del escrito de certiorari, anejo X, pág. 43.
2. Las seis (6) razones por las cuales un tribunal puede conceder una moción de relevo bajo la Regla 49.2 de Procedimiento Civil son:

“(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

*631 (4) Nulidad de la sentencia;
(5)La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en quese fundaba ha sido revocada o de otTo modo dejada sin efecto, o ni serla equitativo que la sentencia continuara en vigor; o
(6) Cualquier otra razón quejust~flque la concesión de un remedio contra los efectos de una sentencia."