TEXTO COMPLETO DE LA SENTENCIA
El Sr. Angel M. López Rivera ("López"), recurre ante nos de un dictamen emitido por el Tribunal de *1066 Primera Instancia, Sala Superior de Humacao, en 26 de octubre de 2000, notificado a las partes en 30 de octubre del mismo año. En el mismo, el tribunal de instancia declaró NO Ha Lugar a una moción presentada por López titulada "Moción de Reconsideración y/o Relevo de Sentencia".
En primer término, hemos de aclarar que la parte peticionaria recurre ante nos de una resolución, emitida en una etapa post sentencia, por lo cual el vehículo adecuado para recurrir ante esta Curia, es el recurso de certiorari, no el escrito de apelación. 
Por los fundamentos que a continuación expondremos, procedemos a expedir el auto de certiorari solicitado, y ordenar que se notifique a las partes nuevamente la sentencia emitida por el Tribunal de Primera Instancia, el día 3 de mayo de 2000, de manera que el término para que la parte afectada pueda acudir ante nos mediante apelación, comience a correr nuevamente.
I
Trasfondo Procesal
Según surge de los documentos ante nuestra consideración, el peticionario presentó una querella ante el Tribunal de Primera Instancia, Sala de Humacao, basada en un alegado discrimen por razón de incapacidad, en 21 de junio de 1999.
Habiéndose emplazado a la parte demandada, la cadena de supermercados Pueblo International Inc. ("Pueblo"), ésta presentó una moción de sentencia sumaria en 30 de noviembre de 1999. Con motivo de la moción presentada, el tribunal de instancia le concedió al querellante un término de veinte (20) días para que presentara oposición a la moción de sentencia sumaria.
En 24 de diciembre de 1999, el demandante presentó su oposición a la solicitud de sentencia sumaria.
Así las cosas, el foro de instancia señaló una vista para el 11 de abril de 2000, en la que las partes tendrían oportunidad de exponer sus argumentos respecto a la moción de sentencia sumaria presentada.
Conforme a lo señalado, en 11 de abril de 2000, se llevo a cabo la vista sobre la moción de sentencia sumaria. En 3 de mayo de 2000, el tribunal a quo emitió sentencia sumaria, declarando Con Lugar la moción a los efectos presentada por la parte querellada Pueblo. Sin embargo, no fue sino hasta el día 3 de julio de 2000 que dicho dictamen fue notificado a las partes.
Previo a la notificación del anterior dictamen, en 7 de junio de 2000, el querellante, ante el foro de instancia, presentó una "Moción Sobre Cambio de Dirección y Período de Vacaciones", en la que anunció al tribunal que estaría fuera de Puerto Rico desde el 30 de junio de 2000 hasta el 7 de agosto de 2000. Expresamente se le solicitó al foro de instancia que no se le notificara al querellante ningún dictamen judicial durante dicho período.
El Tribunal de Primera Instancia acogió la moción presentada por el demandante, declarándola Con Lugar en 5 de julio de 2000, tres días después de haber notificado la sentencia, notificándola a las partes en 12 de julio de 2000.
En 17 de octubre de 2000, transcurridos tres (3) meses de la notificación de la la parte demandante, presentó ante el tribunal de instancia una moción titulada de "Reconsideración y/o Relevo de Sentencia". Entre otros asuntos, el demandante señalo en dicha mocion que, a pesar de haber avisado al tribunal de las fechas en que se iba a encontrar de vacaciones, en las que no podía recibir notificación de resolución alguna, y de que dicho foro declaró con lugar su solicitud, la sentencia en su contra le fue notificada, justo en el período en el cual se encontraba de vacaciones. Argüyó que cuando recibió la notificación de la sentencia, ya había transcurrido el *1067 término para apelar.
La parte demandada presentó una moción que denominó "Moción Sobre Solicitud de Reconsideración y/o Relevo de Sentencia de la Parte Demandante", en la que se allanó a que la moción del demandante se acogiera como una moción de reconsideración, pero que el tribunal se reafirmara en la desestimación de la querella.
En 26 de octubre de 2000, notificada en 30 de octubre de 2000, el Tribunal de Primera Instancia emitió un escueto dictamen en el que declaró No Ha Lugar a la "moción solicitando reconsideración presentada por el demandante". Lo interesante, es la notificación de dicha resolución por la Secretaría del tribunal recurrido:

“NOTIFICACION DE ARCHIVO EN AUTOS DE LA RESOLUCION DE MOCION DE RECONSIDERACION

El Tribunal ha dictado Resolución en el caso de epígrafe, el día 26 de octubre de 2000, copia de la cual se acompaña con la presente. El Secretario que suscribe notifica a usted de esta notificación.

Como representante usted de la parte perjudicada por esta resolución, de la cual puede establecerse recurso de apelación, revisión o certiorari, dirijo a usted esta notificación, habiendo archivado en los autos de este caso copia de la misma, así como de la notificación el 30 de octubre de 2000.

Humacao, Puerto Rico, a 30 de octubre de 2000. ”

Allá para el 3 de julio de 2000, cuando el Tribunal de Primera Instancia notificó la SENTENCIA en el caso ante su consideración, y transcurrieron quince (15) días de ello, perdió jurisdicción para considerar cualquier moción de reconsideración que no se hubiese presentado en dicho plazo, conforme la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47.
El tribunal a quo sólo podía considerar aquella moción de la parte querellante como una de relevo de sentencia bajo la Regla 49.2 de dicho Cuerpo de Reglas.
El tribunal se negó a relevar a la parte querellante de los efectos de la sentencia que era ya final, firme e inapelable, pero la Secretaría pareció concederle una oportunidad para "establecer recurso de apelación, revisión, o certiorari".
Es de dicho dictamen del cual recurre ante nos la parte querellante perdidosa ante Instancia, y nos señala los siguientes errores:

“1- Erró el Tribunal de Primera Instancia al concluir que los hechos consignados en la sentencia son incontrovertidos.

2- Erró el Tribunal de Primera Instancia al desestimar la demanda en su totalidad sin considerar todas las causas de acción.

3- Erró el Tribunal de Primera Instancia al concluir que la diabetes no es un impedimento a los fines de la Ley 44 y la Ley 100.

4- Erró el Tribunal de Primera Instancia al concluir que el despido del demandante-apelante estuvo justificado.

5- Erró el Tribunal de Primera Instancia al concluir que las disposiciones del convenio colectivo, en cuanto a arbitraje, impiden que el demandante-apelante pueda acudir al tribunal a solicitar remedio.

*1068 n
Derecho Aplicable
Nos corresponde acoger un planteamiento del peticionario que, sin tener que entrar a los méritos de los errores alegados, dispone del recurso ante nos. Como se desprende del recuento procesal efectuado, aunque el tribunal de instancia le concedió a la representación legal del peticionario el permiso solicitado para tomar vacaciones del día 30 de junio al 7 de agosto del 2000, fue precisamente dentro del período de dichas vacaciones, en 3 de julio de 2000, que dicho foro le notificó la sentencia en la que acogió la moción de sentencia sumaria presentada por los demandados y, en consecuencia, desestimó la demanda.
En cuanto a lo anterior, en la moción de relevo de sentencia que presentó el peticionario el día 17 de octubre de 2000, se expuso lo siguiente; "[cjuando regresamos de nuestras vacaciones en España nos encontramos con que la sentencia había sido notificada el 3 de julio, justo en el período de vacaciones anunciado al tribunal, y que la misma ya era final porque la fecha de nuestro regreso, 7 de agosto de 2000, ya había transcurrido el término para apelar", 
La propia parte recurrida acepta en su Moción sobre Solicitud de Reconsideración y/o Relevo de Sentencia, que "...los incidentes procesales ocurrieron en fechas tan cercanas que pudieron haberse afectado los términos de ley para solicitar reconsideración de la sentencia". 
La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en lo pertinente, lo siguiente:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."

La solicitud de relevo tiene que ser presentada dentro de un término razonable, el cual no podrá exceder de los seis (6) meses luego del registro de la sentencia. Esto es, la solicitud de relevo hay que presentarla no más tarde de ciento ochenta (180) días de haberse registrado la sentencia. Rosario Rodríguez v. E.L.A., 122 D.P.R. 554 (1988). "El término de ciento ochenta (180) días es fatal en su acción extintiva de derecho". Sánchez Ramos v. Troche Toro, 111 D.P.R. 155 (1981).
Una interpretación liberal de la Regla 49.2 permite considerar una moción de reconsideración como una de relevo de sentencia, aún después de haber transcurrido el término para acoger la moción de reconsideración o aun después de haber advenido final y firme la sentencia, cuando dicha moción cumple con los requisitos establecidos en dicha Regla 49.2. Abona a esta interpretación, el hecho de que una solicitud de relevo no interrumpe el termino para recurrir en alzada, por no estar la Regla 49.2 incluida entre las mociones que interrumpen el término para solicitar revisión o apelación, conforme a la Regla 53.1(d) de Procedimiento Civil, supra. Pagan Navedo v. Rivera Sierra, _ D.P.R. _ (1997), 97 J.T.S. 76, opinión de 30 de mayo de 1997.
Pese a la liberalidad concedida en su interpretación, la Regla 49.2 no puede entenderse como sustitutiva de los recursos de revisión o reconsideración. Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294 (1989). Utilizar el mecanismo procesal de relevo de sentencia para extender indirectamente el término para recurrir en aUada, atentaría contra la estabilidad y certeza de los procedimientos judiciales; interés fundamental de nuestro ordenamiento jurídico. Pagan Navedo v. Rivera Sierra, 91 J.T.S. 6, opinión de 30 de mayo de 1997.
Aunque la moción presentada por el peticionario ante el tribunal a quo fue denominada de "Reconsideración y/o Relevo de Sentencia", contra la sentencia que se pretendía atacar sólo procedía una moción de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2. El término de quince (15) días dispuesto por la Regla 47 de las Reglas de Procedimiento Civil, supra, para *1069 presentar una reconsideración, ya había transcurrido.
Sin embargo, y expuesta la normativa procesal en tomo al uso del mecanismo contemplado en la Regla 49.2 de Procedimiento Civil, supra, entendemos que el caso de autos merecía una solución distinta a la que le aplicó el tribunal recurrido.
Ante el cuadro procesal reseñado, el tribunal recurrido debió ordenar que a las partes querellante y querellada le fuera notificada nuevamente la sentencia, conforme lo dispone la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 46, de modo que a partir de dicha notificación, comenzaran a correr para la parte afectada por aquel dictamen los términos que gobiernan los mecanismos post sentencia. Ha de recordarse que: "...la falta de una adecuada notificación podría afectar el derecho de una parte a cuestionar la sentencia dictada, enervando así las garantías del debido proceso de ley". Falcón Padilla V. Maldonado, 95 J.T.S. 109, opinión de 31 de julio de 1995. "La notificación y el archivo en autos de copia de la notificación de una sentencia, resulta ser una etapa crucial del proceso adjudicativo". Pueblo v. Hernández Maldonado, 129 D.P.R. 472 (1991).
Constituyó error, el hecho de que el foro de instancia notificara a la representación legal de la peticionaria una sentencia precisamente en el período en que esta se encontraba de vacaciones, con el perjuicio que suponía dicha acción en los términos del peticionario para utilizar los mecanismos procesales post sentencia a los cuales tenía derecho. Ha de considerarse el hecho de que notificada la sentencia el 3 de julio de 2000, el peticionario disponía de quince (15) días para presentar una reconsideración, y de treinta (30) días para acudir ante nos mediante escrito de apelación. Dichos instrumentos procesales, como cuestión de hecho, les fueron negados al peticionario, por desconocer éste de la sentencia que había recaído en su contra.
El declarar Con Lugar la moción sobre cambio de dirección y período de vacaciones que le solicitó el peticionario, resultaba totalmente inefectivo e inoficioso, porque ello se dictaminó en 12 de julio de 2000, nueve (9) días después de haberse notificado la sentencia.
III
Por los fundamentos que anteceden, ordenamos la devolución del presente caso al Tribunal de Primera Instancia, para que dicho tribunal notifique a las partes nuevamente la sentencia dictada en 3 de mayo de 2000, a los fines de que comiencen a correr los términos correspondientes para agotar los remedios post sentencia disponibles a la parte afectada por la misma.
Notifíquese.
Así lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 85
1. El Artículo 4.002 (j) de la Ley de la Judicatura de 1994, según enmendada, dispone, en lo pertinente, lo siguiente:

"La presentación de un escrito de apelación en un caso en que sólo procede una solicitud de auto de Certiorari o una solicitud de auto de revisión administrativa, no será motivo suficiente para desestimar; y en tal caso, el escrito de apelación se considerará a todos los fines pertinentes como si fuera una solicitud de auto de Certiorari...".

En el caso de autos, acogemos el recurso denominado de apelación como un recurso de certiorari, fundamentalmente por el hecho de que el peticionario acude ante nos en revisión de un dictamen interlocurorio y no de una sentencia. En referencia a la diferencia entre una resolución y una sentencia, véase; Figueroa Hernández v. Rosario Cervoni, _ D.P.R. *1070 _ 98 J.T.S. 151.
2. Apéndice X de la parte peticionaria, pág. 66.
3. Apéndice XI de la parte peticionaria, pág. 73.